209 300
219 4564

209 300
38SC 606

209 300
227 387

# Millcreek Township, Appellant, *v.* Erie Rapid Transit Street Railway Company.

*Street railways—Rate of fare—Municipal consent—Abutting landowners.*

Where the supervisors of a township grant to a street railway company the right to lay its tracks on a public road, but stipulate as a condition of the grant that the company shall not charge a fare in excess of an amount stated, and the company after the construction of its road charges a fare in excess of the amount stipulated, owners of property abutting on the road, who have no contract with the railway company as to the rate of fare, cannot join with the township authorities in a bill in equity to restrain the company from collecting a greater rate of fare than that stipulated in the contract with the township. In such a case the individual owners have no interest different from that of the general public.

*Street railways—Franchises—Municipal consent—Forfeiture.*

Where the grant in a franchise by a township to a street railway company to occupy a public road provides that if the railway is not built within a time specified "then this franchise and all the rights thereunder to be null and void, and of no effect," no action on the part of the township to complete the forfeiture is required if the railway is not built within the time designated.

Argued April 26, 1904. Appeal, No. 99, Jan. T., 1904, by plaintiffs, from decree of C. P. Erie Co., Feb. T., 1902, No. 2, dismissing bill in equity in case of Millcreek Township et al. v. Erie Rapid Transit Street Railway Company. Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT and THOMPSON, JJ. Affirmed.

Bill in equity for an injunction.

WALLING, P. J., filed the following opinion:

The bill in above case was filed to restrain the defendant from collecting a greater rate of fare than five cents, for the transportation of each passenger from any points between the west line of Harborcreek township and Seventh and State streets, in Erie city. The case was heard upon bill, answer, replication and testimony. The facts are found as follows:

1. The defendant is an electric street railway corporation, duly organized with the chartered right to construct a street railway, inter alia, from Erie city, easterly along the Buffalo road to the borough of North East, passing through the town-

ship of Millcreek,. which adjoins said city. The charter of said corporation was granted in 1898, and gave the defendant also the right to extend its line of railway upon certain streets in Erie city.

2. That the above named plaintiffs, other than the township of Millcreek and its road commissioners, are the owners of real estate abutting upon the Buffalo road in said township. That about March 10, 1899, they, with other like owners of real estate, met at the schoolhouse in their neighborhood to discuss the question of the right of way and franchise for said company upon said road, and the terms thereof; at which meeting a committee of three was appointed to meet with the township road commissioners and officers of the defendant company, to determine the question of the proposed franchise and the terms thereof, etc.

3. That on March 18, 1899, said committee met with said commissioners and officers and discussed and agreed upon the terms of a franchise, which afterwards, to wit: on March 25, 1899, was duly granted by the road commissioners of said township to the defendant, for the construction, etc., of an electric car line upon the Buffalo road in said township.

4. That said franchise was accepted by the defendant and contains clauses, inter alia, as follows:

"14th. The said road shall be commenced by actual operaation upon the streets by grading and laying ties and rails thereon on or before June 1, 1899, and having the same fully completed in compliance with this franchise and in full operation on or before December 1, 1899. And in case said road is not built and in operation from the east city line to Harborcreek township on or before December 1, 1899, in compliance with this franchise, then this franchise and all the rights thereunder to be null and void and of no effect. And the said road commissioners are to take up and remove any track or work done by said company along said street, and the entire cost and expense thereof to be collected by the road commissioners from the said company on its bond to be given therefor."

"19th. This franchise is granted upon the express further condition that the said street railway company shall carry its passengers (or furnish transportation for the same) from the

west Harborcreek township line, to a point at or near Seventh and State streets, in the city of Erie, and to any and all other points in the said city of Erie, reached by said company's track, for a fare not exceeding five cents for each person, each way."

5. That after the granting of said franchise the said owners of abutting property who are named as plaintiffs in the bill made no objection to the construction of said railway in front of their respective properties. Some of them had in 1898 granted formal permits for the building of said railway in front of their properties, and it does not appear that any of them gave the defendant any express permission to build the road because of anything done at either of said meetings, or because of said franchise. They desired the road built and wanted a five cent fare from their homes to the business part of the city and seemed to depend on the road commissioners and the franchise to protect their interest.

6. That the defendant proceeded slowly with the building of the railroad; did some grading, etc., in the open season of 1899, and finished the grading nearly all the way through the township and laid the ties and rails in the summer of 1900. At the request of the defendant the road commissioners extended the time for the completion of said railway until January 1, 1901, and on March 4, 1901, the road commissioners passed resolutions ordering the defendant to remove the ties and rails from said road, and to restore it to its original condition within thirty days, of which defendant had notice, but nothing was done under it, and on May 6, 1901, said resolutions were reconsidered; but nothing further was done to give new life to the old franchise.

7. That on said May 6, 1901, the road commissioners of Millcreek township granted the defendant a new franchise, which it accepted, and which is attached to defendant's answer and contains, inter alia, clauses as follows:

"17th. This franchise is granted upon the express further conditions that the said street railway company shall carry passengers from the west Harborcreek township line to any and all points in the said city of Erie, reached by said company's tracks, for a fare not exceeding five cents for each person, each way."

"20th. It is further agreed that the Erie Rapid Transit Street

Railway Company shall pay to the road commissioners, individually, the sum of $4.00 per day for each and every day necessarily engaged in overseeing the construction of the said road on the Buffalo road, in Millcreek township, Erie county, Pennsylvania."

Pursuant thereto the defendant completed its railway through said township and the same has been in use and operation since August 31, 1901.

8. The defendant never abandoned said Buffalo road since it began work therein in 1899, although some work was taken up and afterwards replaced.

9. The defendant built about one mile of track in Erie city, but was restrained by this court from the use of certain city streets included in its charter, but which were already occupied by another street railway company. And in March, 1901, the city councils ordered the defendant to remove the track already laid in the city, which defendant did, and later in January, 1902, formally abandoned all its rights in Erie city and has no railway therein.

10. That the defendant's railway connects with the tracks of the Erie Electric Motor Company at the eastern limits of the city, and by agreement with the latter company the defendant uses its tracks and motive power to run cars into the city, to and beyond Seventh and State streets. By which agreement the defendant pays the said motor company three cents for each passenger that defendant carries in the city, and said passengers have transfer privileges to and from the motor company's city lines.

11. That the defendant charges and collects from each passenger five cents for transportation, each way, from the west line of Harborcreek township to the P. & E. crossing, which is a short distance west of the city limits, and five cents more from the P. & E. crossing to Seventh and State streets, which entitles the passenger to transfer privileges as above stated. And the defendant company refuses to carry passengers, or to provide them with transportation, from said township line, or from intermediate points in Millcreek township, to Seventh and State streets for a single fare of five cents, as provided in the original franchise ; but the fare charged is not a violation of the new franchise.

12. That the road commissioners of Millcreek township are each entitled to receive from the township $2.00 for every day necessarily spent in the discharge of official duties, and that said road commissioners spent some time in overseeing the completion of said railway after the granting of the new franchise, but have never asked or received any compensation therefor from the defendant.

## LEGAL CONCLUSIONS.

1. That on the question of fare charged by defendant the above named plaintiffs, aside from Millcreek township, have no interest different from that of the general public, and are improperly joined as plaintiffs.

2. That the railroad, not having been built within the time specified in the original franchise, as granted or extended, the same by its express terms became null and void, and neither of the parties has any rights thereunder, except the right of the road commissioners to remove the defendant's track, etc., from the street.

3. That the question of the validity of the new franchise is not material to this case.

4. That a decree should be entered dismissing plaintiff's bill, but without prejudice, and that plaintiffs pay the record costs.

## DISCUSSION.

The franchises were granted by the road commissioners for the township, and in my opinion the rights of the public can only be carried out through the township. The property owners had no contract with defendant, as to the rate of fare, and they have no different interest therein from the general public. The property owners are not parties to the franchise and have no such interests as to enable them to join with the township in an action against the defendant for an illegal breach of the franchise: Coatsville & Downingtown, etc., Street Railway Company v. West Chester Railway Company, 206 Pa. 40.

The owners of property on the side of the road where the railway was built were in a position to protect their interests by special contract, or to prevent the building of the railway, but property owners on the other side of the street had no

standing to contest the building of the railway: North Penna. R. R. Co. et al. v. Inland Traction Co., 205 Pa. 579.

When the railway was not built within the time specified in the original franchise it became void. The language is plain: " then this franchise and all the rights thereunder to be null and void and of no effect." It required no action on part of the township to complete the forfeiture: Commonwealth ex rel. v. Lykens Water Co., 110 Pa. 391. See also Kehr's Petition, 23 Pa. C. C. Rep. 460.

In fact the defendant is not claiming any rights under the old franchise.

The question of the validity of the new franchise is not directly brought in issue by the pleadings, and as it would not change the result of this case and may be the subject of future litigation I decline to here pass upon it.

As an individual I believe the rate of fare charged between Wesleyville and the business part of the city is excessive, and · now that the new bridge at the P. & E. crossing is finished I hope to see the fare reduced. If the local traffic between said points could be accommodated by return trip tickets, or tickets sold in bulk, at reduced rates, it would be a great favor to the public, and in my opinion would not reduce the income of the defendant. At the same time it should not be overlooked that since the original franchise was granted the defendant has lost the city end of its line and has to pay three cents for each person carried in the city. Under all the circumstances it is to be hoped that some satisfactory adjustment may be had in this matter. While plaintiffs are not, in my opinion, entitled to the relief prayed for, they may have some other remedy and therefore the bill should be dismissed without prejudice.

And now, January 25, 1904, the prothonotary is directed to enter a decree nisi, in accordance with this opinion, to become absolute unless exceptions are filed sec. reg.

*Error assigned* was decree dismissing the bill without prejudice.

*Charles P. Hewes*, with him *John S. Rilling* and *Henry E. Fish*, for appellants.—Where a cause of complaint is one common to all the plaintiffs, and the right under which all claim

is precisely the same as to each, and the complaint of all is against the same defendant for the doing of acts which affect all alike, and in the same manner, and the defense set up is common to all the plaintiffs, and the testimony, proof and decree are alike as to all the plaintiffs, a bill filed by several such plaintiffs against the common defendant is not multifarious: Rafferty v. Central Traction Co., 147 Pa. 579.

If the company accepts the franchise they must comply with all the conditions embraced within it or surrender possession of the road: Allegheny City v. Millville, etc., St. Ry. Co., 159 Pa. 411 ; Plymouth Township v. Chestnut Hill & Railway Co., 168 Pa. 181 ; Minersville Boro. v. Schuylkill Electric Railway Co., 205 Pa. 394.

*Frank Gunnison,* for appellee, cited : Heilman v. Lebanon, etc., Ry. Co., 175 Pa. 188 ; Becker v. Lebanon, etc., Ry. Co., 188 Pa. 484 ; Penna. R. R. Co. v. Montgomery Pass. Ry. Co., 167 Pa. 62 ; Holton v. New Castle Ry. Co., 138 Pa. 111.

PER CURIAM, May 23, 1904 :
The decree is affirmed on the opinion of the court below.