## NORTHERN TEXAS UTILITIES CO. v. COMMUNITY NATURAL GAS CO.
### (No. 2776.)

Court of Civil Appeals of Texas. Amarillo. June 29, 1927.

Rehearing Denied Sept. 7, 1927.

**1. Gas ⬦⟞6—Utilities company having gas franchise held to have right to maintain injunction suit questioning validity of rival franchise.**

Utilities company, having acquired a gas franchise from a city, *held* to have the right to maintain an injunction suit to contest the validity of the defendant's gas franchise rights in the same city.

**2. Municipal corporations ⬦⟞105—Where neither statute nor charter prescribes form for ordinance, any form plainly indicating terms and object intended is sufficient.**

Where neither a statute nor a charter prescribes any particular form for ordinance, any form. which clearly expresses a corporate will that the ordinance exists, and which plainly indicates its terms and the object to which it is intended to apply, is sufficient.

**3. Municipal corporations ⬦⟞111(1)—Where statute and charter requirements are substantially complied with in passing ordinance, ordinance will be declared valid.**

If there has been a substantial compliance with statutory and charter requirements in passing an ordinance, the courts will declare the ordinance valid.

**4. Municipal corporations ⬦⟞112(1)—Title of ordinance need not embrace its subject.**

The requirement that the title of an act shall embrace its subject does not apply to municipal ordinances.

**5. Municipal corporations ⬦⟞105—Purpose of ordinance need not be stated in caption.**

It is not generally necessary to state the purpose of an ordinance in the caption thereof.

**6. Municipal corporations ⬦⟞112(3)—Title "Gas Franchise" held to sufficiently state purpose of ordinance to grant corporation right to supply city inhabitants with natural gas.**

Title "Gas Franchise," appearing at the head of the preamble and caption as introduced, and also appearing in proceedings ratifying and confirming ordinance, *held* to sufficiently state purpose of the ordinance to grant right to corporation to supply inhabitants of city with natural gas.

**7. Municipal corporations ⬦⟞105—Enacting clause of ordinance need not be at beginning.**

Ordinance is not invalidated and contract evidenced thereby is not rendered void because the enacting clause is not at the beginning.

**8. Gas ⬦⟞6—Ordinance granting gas franchise is in nature of contract, and inclusion of contract with grantee is commendable.**

An ordinance granting a franchise to furnish gas to a city is in its nature a contract, and the inclusion of the contract with the grantee in the ordinance is commendable.

**9. Municipal corporations ⬦⟞111(9)—Subsequent confirmation of ordinance held to cure defect in original passage on date it was introduced contrary to charter.**

Where an ordinance was passed on the date of its introduction contrary to the provisions of a city charter, but the city council later confirmed and adopted the ordinance, the original defect was thereby cured.

**10. Municipal corporations ⬦⟞111(9)—Ordinances not unconstitutional may be ratified by subsequent action as to time or form of adoption unless ratification interferes with vested rights, and such subsequent adoption may be by reference.**

Ordinances which are not unconstitutional may be ratified by subsequent action as to the time or form of their adoption, unless rights have been vested which such ratification would affect, and in such case it is not necessary to rewrite the ordinance but it may be adopted by reference.

**11. Gas ⬦⟞6—When grantee of gas franchise began work, franchise became contract binding on city.**

When the grantee of a franchise for furnishing a city with gas accepted the franchise and commenced the work, the contract became binding on the city according to its terms.

**12. Municipal corporations ⬦⟞120—City charter provision that any ordinance granting franchise should not be effective until 30 days after last publication held applicable to gas franchise.**

City charter provision that before any ordinance granting a franchise to use the city streets and alleys should become effective it should be published once a week for three consecutive weeks, and that it should not take effect until 30 days from date of last publication, *held* applicable to franchise granting right to furnish city with gas.

**13. Municipal corporations ⬦⟞226—One making contract with municipal corporation must take notice of limitations of power.**

Whoever makes a contract with a municipal corporation is bound to take notice of the limitations of its power to contract.

**14. Municipal corporations ⬦⟞247—Municipal corporation cannot bind itself in violation of its charter or enabling act.**

A municipal corporation cannot in any manner bind itself by a contract made in violation of the terms of its charter or enabling act.

**15. Municipal corporations ⬦⟞226—Persons contracting with municipal corporation must notice both terms of ordinance and also provisions of charter or statute under which ordinance was passed.**

One contracting with a municipal corporation is bound to take notice not only of the terms of the ordinance under which the contract is made, but also of the provisions of the charter or statute under which the ordinance was passed.

**16. Gas ☞6—Defendant gas company acquired no rights under franchise ordinance, which was repealed before it became effective.**

Defendant gas company *held* to have acquired no rights under an ordinance purporting to grant a franchise, which, according to the terms of the city charter, would not become effective until 30 days after the date of its last publication, and which before that time had been repealed by the city council.

**17. Gas ☞6—Grantee's failure to perform conditions of gas franchise concerning commencement and completion of pipe lines held to automatically effect forfeiture, and grantee's assignee after default obtained no rights.**

Conditions in a franchise granting right to furnish gas to city requiring that the grantee commence and complete the laying of the mains within a specified time is a binding condition, and the grantee's failure to perform automatically effected a forfeiture of his rights under the franchise, so that his assignee after the forfeiture obtained no rights.

**18. Gas ☞6—City may make franchise contract conditional upon performance within specified time.**

City may make a franchise contract granting the right to furnish the city with gas conditional upon commencement and completion of laying pipe lines within specified time.

**19. Gas ☞6—Where grantee of gas franchise forfeited rights by failure to perform conditions, stopping grantee's assignee from laying pipes held sufficient repudiation by city.**

Where the grantee of a gas franchise had forfeited his rights by failure to commence and complete laying the mains within a specified time as required by ordinance granting franchise, stopping grantee's assignee from laying the pipes *held* sufficient evidence that the city had withdrawn its consent and repudiated the franchise, if such repudiation was necessary.

**20. Gas ☞6—Acceptance of benefits of franchise requires acceptance of conditions also.**

Acceptance of franchise giving right to furnish city with gas requires also an acceptance of the terms and conditions upon which the franchise was to become effective.

**21. Gas ☞6—Statute providing that gas companies might obtain lands and easements with "consent of city" held to mean consent in accordance with city's charter (Rev. St. 1925, art. 1436).**

Rev. St. 1925, art. 1436, providing that gas companies shall have the right to enter upon and appropriate lands, rights of way, easements, and property with the consent of the governing body of city, *held* to mean consent granted in accordance with the charter of the city, and not a consent which the city was powerless to give without violating its charter.

**22. Municipal corporations ☞121—In contest over franchise rights by competing companies, attacks on ordinances granting franchises held not objectionable as collateral attacks.**

In a contest between two gas companies over franchise rights to furnish gas to a city, attacks on ordinances under which each claimed rights *held* not objectionable as collateral attacks.

**23. Contracts ☞332(3)—Performance of conditions precedent must be alleged by one relying for recovery on contract imposing such conditions on him.**

One who relies for recovery upon a contract imposing conditions precedent upon him must allege performance of such conditions, and failure to so allege renders pleadings subject to demurrer.

**24. Gas ☞6—In contest between competing gas companies over franchise rights, ordinance granting franchise on which defendant based rights held properly admitted (Rev. St. 1925, art. 1013).**

In a contest between competing gas companies over the right to furnish gas to a city, an ordinance purporting to grant franchise on which the defendant based his rights *held* admissible, under Rev. St. 1925, art. 1013, providing that all ordinances printed and published by authority of city councils should be admitted without further proof, notwithstanding facts showed franchise had been forfeited.

**25. Appeal and error ☞843(2)—In contest between gas companies over franchises, questions held not moot, notwithstanding franchise of one had been forfeited and new franchise was repealed before it became binding.**

In contest between competing gas companies where plaintiff company sought an injunction to prevent defendant from laying pipes in city streets, questions *held* not to have become moot, notwithstanding an old franchise under which defendant claimed rights had been forfeited and a new franchise ordinance granting rights to defendant had been repealed before it had become binding.

Appeal from District Court, Wilbarger County; Robt. Cole, Judge.

Suit for injunction by the Northern Texas Utilities Company against the Community Natural Gas Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

W. H. Penix, of Mineral Wells, Berry, Stokes & Killough and Leon H. Brown, all of Vernon, and Penix, Miller & Perkins and W. P. Smith, all of Mineral Wells, for appellant.

Karl F. Griffith, Roy C. Coffee, and Percy Hall, all of Dallas, and Storey & Leak, of Vernon, for appellee.

HALL, C. J. This is a contest between two Delaware corporations, both seeking the right to supply the city of Vernon and its inhabitants with natural gas. The appellant, hereinafter referred to as the Utilities Company, instituted the suit in the district court of Wilbarger county, against the appellee, hereinafter referred to as the Community Company, praying for an injunction against the Community Company, restraining it from digging ditches, trenches, and doing any excavating along, upon, and across

the streets of the city of Vernon for the purpose of laying its gas pipes. A temporary injunction was granted, and upon final hearing the temporary injunction was dissolved. The Utilities Company's allegations are that the city of Vernon was organized and operating under that article of the Constitution known as the "Home Rule Amendment" (article 11, § 5 [see Acts 1911, p. 284]) and the laws of the state of Texas relative thereto; that said city has adopted the commission form of government under a charter adopted by its citizens. Certain provisions of the charter are set out which will be hereinafter referred to.

It is further alleged that on or about the 22d day of September, 1925, the Upham Gas Company applied to the city of Vernon for a franchise permitting it to use the streets and alleys of the city for the transmission and distribution of gas to the inhabitants of the city; that the franchise provided for the rate to be charged, and that by ordinance said franchise was duly granted and adopted by the commission of the city and published as required by the city charter, and became effective under the provisions of the charter; that the said Upham Gas Company was thereby vested with all rights and privileges granted in said franchise; that thereafter on the 30th day of June, 1926, the city of Vernon, acting through its commission, ratified and confirmed said franchise by Ordinance No. 414, and again on the 1st day of July, 1926, ratified and confirmed the franchise which had theretofore been granted to the Upham Gas Company on September 22, 1925; that thereafter on July 13, 1926, said Ordinance No. 414, granting the franchise to the Upham Gas Company, was again ratified and confirmed, and that said ordinance has been in full force and effect since the 9th day of October, 1925; that about the 10th day of July, 1926, said franchise was duly assigned to and became the property of and is now owned by the plaintiff, the Utilities Company; that by virtue of its ownership of said franchise the Utilities Company has acquired vested rights in the streets and alleys of the city, and has the right to excavate along and across and to lay its pipes in said streets and alleys.

It is further alleged that the plaintiff is a taxpayer in the city by virtue of its ownership of the franchise, and by reason of the further fact that it has laid 26 miles of gas pipes in the streets and alleys of said city, and will lay 4 more miles, all at the cost of approximately $187,500; that, in order to lay its pipes, mains, and laterals in an efficient and capable manner, it becomes necessary to cross the streets and alleys and to extend service pipes to the various houses in said city desiring to use gas; that on the 19th day of July, 1926, the defendant, the Community Company, applied to the city

commission for a franchise authorizing it to supply natural gas to said city and its inhabitants; that such franchise was granted on said date by Ordinance No. 425; that thereafter, on the 26th day of July, 1926, the defendant applied to the city commission for permission to at once use the streets and alleys for the purpose of laying its gas lines, which application was granted the same day; that thereafter on the 29th day of July, 1926, the city commission repealed and rescinded the resolution giving and granting the defendant the privilege of at once laying its pipe lines and mains in said city.

It is further alleged that under the provisions of the city charter the defendant had no right to lay its pipe lines until after the expiration of 30 days from the date of the last publication of said original franchise, which was made on August 3, 1926, and that said franchise could not under the charter provisions become effective until September 3, 1926; that the purported franchise granted to the defendant had to be published in a newspaper once a week for three consecutive weeks, and that defendant obtained no rights thereunder until the expiration of 30 days from the date of the last publication thereof; that during said 30 days 10 per cent. of the legally qualified voters of the city might determine by petition and the city commission would be compelled to submit said franchise to a vote of the people, which could not be submitted less than 30 days nor more than 90 days from the time of the filing of the petition asking such election, and if a majority of the votes cast at said election should be against granting such franchise or privilege, the ordinance should become inoperative and void, and in case said franchise had been submitted to a vote it was ineffective during said time. That in spite of the provisions of the city charter, and regardless of the fact that defendant had no franchise entitling it to make excavations in the streets and alleys, the defendant was at the date of filing said petition, to wit, the 9th day of August, 1926, digging trenches in the streets and laying its gas pipes and laterals and obstructing the streets in so doing; that it will continue to do so in an increasing degree unless restrained by the court.

Plaintiff further alleges that in complying with the terms of its franchise it would be necessary to lay its gas pipes along the streets and alleys which were being occupied and used by the defendant; that plaintiff will be put to much greater expense in making its excavations and laying its pipe lines along and across the streets and alleys burdened by the use made by the defendant thereof; that it will be greatly inconvenienced and damaged, the amount of its damages being impossible of determination at this time; that defendant is soliciting customers in the

(297 S.W.)

city and entering into contracts with them, most, if not all, of whom would be plaintiff's customers, and in this way is interfering with plaintiff's rights to its damage; that defendant commenced excavating and laying its lines on the 5th day of August, 1926, when it could not lawfully begin the construction of its lines prior to the 3d day of September, 1926; that by said time plaintiff would have its lines completed in the city of Vernon, would have all of its excavations made, its laterals and connections made, and would by that time be enjoying the greater bulk of the gas business in said city, which amounts to many thousands of dollars; that unless defendant is restrained it would probably have gas into the city prior to the time plaintiff would have its gas into said city, and would thereby deprive plaintiff of many customers, to its great damage, amounting to many thousands of dollars; that plaintiff had the right to believe and did believe that defendant would not be allowed to violate the charter of the city, and had the right to rely upon and believe that the city would enforce its laws, and so believing it has expended large sums of money, to wit, more than $100,000, in laying its gas mains and lines in the streets and alleys of said city, and but for such belief would not have expended such large sums of money; that the acts and conduct of the defendant are an illegal and unlawful infringement of plaintiff's rights under its franchise to its damage in the sum of many thousands of dollars; that although plaintiff has applied to the city commission for protection of its rights, and also to the county authorities of Wilbarger county for such protection, both the city and county have failed to give it any protection, and it has no adequate remedy at law and will suffer irreparable injury unless said writ of injunction is granted.

The petition was duly verified and presented to the judge of the Twentieth judicial district, who granted a temporary injunction on August 9, 1926. Bond was made on the 10th day of August, and the writ issued and served on the same day.

The defendant answered on the 17th day of August, 1926, by general demurrer, fourteen special exceptions, a general denial, and specially alleged, among other things, that on June 9, 10, and 11, 1924, the city commission of the city of Vernon granted to G. M. Church and his assigns a franchise by Ordinance No. 403, for the construction and operation of a gas distributing plant in said city, and that the said Church duly accepted under said franchise and ordinance; that on the 10th day of July, 1926, the defendant for value purchased said franchise from the said G. M. Church, and was then the owner thereof, and now has valid subsisting and vested rights thereunder.

The defendant further alleged that on July 19, July 22, and July 27, 1926, respectively, the city commission of the city of Vernon introduced and passed upon the first, second, third, and final readings of a certain instrument, which in effect constitutes an ordinance, bearing the number 425, by its terms giving and granting unto the defendant a franchise for the construction, operation, and maintenance of a natural gas distributing plant and system, with all pipe lines and necessary appurtenant equipment over, through, under, and across the streets, alleys, avenues, highways, public grounds, and other places in and of the city of Vernon, a true and correct copy of which said franchise ordinance was attached to plaintiff's petition marked Exhibit K, and which is by reference incorporated in and made a part of the answer; that on July 20, July 28, and August 3, 1926, publication of said ordinance was duly and consecutively made in the Vernon Record, a daily newspaper of general circulation, published in the city of Vernon, in Wilbarger county, Tex.; furthermore, the defendant has duly accepted said franchise, and all of the formalities and conditions therein have been complied with to make said franchise effective, and the defendant relying upon the faith of the consent given by the city commission of the city of Vernon, as evidenced by said franchise ordinance granting to this defendant the right to use the streets, alleys, avenues, highways, and public grounds of the city of Vernon for the construction of its gas distributing plant, has proceeded with the construction thereof, and upon the strength of such ordinance has already expended in good faith the sum of, to wit, $45,000, for gas mains, pipe lines, labor, and machinery, for the purpose of completing said gas distributing plant or system, and that by reason thereof the defendant has acquired a vested right in and to the use of the streets, alleys, avenues, highways, and public grounds of the city of Vernon, for the construction, operation, and maintenance of its said gas distributing plant or system.

Defendant further alleged that the city commission by unanimous vote on July 27, 1926, passed a resolution authorizing it to proceed with the construction of its distributing plant in said city, and to that end use and occupy the streets and alleys upon the giving by it of a bond in the sum of $25,000; that under said resolution defendant proceeded to expend large sums of money for pipe, material, and labor, and proceeded with the construction of its distributing plant in said city, and thereby acquired a vested interest in and to the use and right to occupy the streets, alleys, and public grounds of said city.

The defendant further alleged that the franchise purported to have been granted to the Utilities Company, the plaintiff, was illegal and void, for the following reasons:

(a) It was not expressed by ordinance; (b) did not have an enacting clause; (c) was introduced and passed on same date; and (d) there was no publication of plaintiff's said alleged and purported franchise within the time and in the mode and manner required by the city charter. The defendant further alleged that it was a public utility gas company and was entitled to the franchise right to use the streets of said city, under article 1436 of the Revised Statutes, having obtained the consent of the governing body of the city of Vernon, notwithstanding any provision of the municipal charter to the contrary; that appellee having spent great sums of money and acted upon the consent of the governing body as granted by resolution and ordinances, the city could not thereafter revoke or rescind its consent, because a superior right had vested in appellee under its franchise from the Legislature to use the streets.

By way of cross-action appellee alleged damages in the sum of $25,000 resulting from the wrongful and illegal issuance of the injunction, and prayed for its dissolution and for judgment for the amount of its damages.

Plaintiff replied by supplemental petition, alleging that the G. M. Church franchise never became effective and was invalid; that neither said Church nor his assigns had at any time ever complied with or undertaken to carry out the conditions and terms of said franchise.

By trial amendment plaintiff further alleged that on August 21, 1926, the city commission by Ordinance No. 428 had repealed and canceled the franchise granted by Ordinance No. 425 to appellee, and that appellee had no rights thereunder.

The case is submitted here upon 42 propositions and 22 counterpropositions. The appellee has objected to numerous assignments and propositions urged by appellant, and these objections are in the main well taken, but in view of the importance of the questions presented and the further fact that the principal contentions are sufficiently briefed to demand consideration, the objections will not be specifically disposed of, nor will we consider the propositions in the order presented.

Each party attacks the validity of the other franchise.

[1] The first question to be considered is, Has the plaintiff, the Utilities Company, the right to maintain this suit, or does the right to question the validity of the defendant's franchise rest alone with the city of Vernon or the state of Texas?

This question is answered in plaintiff's favor by the holding in the case of Lindsley v. Dallas Consolidated Street Railway Co. (Tex. Civ. App.) 200 S. W. 207, the decision being based principally upon Tugwell v. Eagle Pass Ferry Co., 74 Tex. 492, 9 S. W. 120, 13

S. W. 654. The plaintiff's right to maintain the suit for an injunction is by those decisions made to depend upon the fact that plaintiff has legally acquired a franchise from the city to do the things which it seeks to enjoin defendant from doing. Pond on Public Utilities (3d Ed.) § 186; see, also, 2 McQuillin, Munic. Corp. §§ 800, 805, 806, and 26 C. J. 1046.

Then the question arises, Has the Utilities Company, the plaintiff and appellant herein, ever acquired a legal franchise from the city of Vernon? It claims a right to operate under an alleged franchise granted originally to the Upham Gas Company on September 22, 1925, which it is charged was assigned to it July 10, 1926. The contract between the city and the Upham Gas Company is incorporated in the ordinance numbered 414. Omitting the terms of the contract which are not material to this inquiry, the said ordinance is as follows:

"Gas Franchise—Ordinance No. 414.

"City of Vernon, Tex., a municipal corporation, by and through its duly elected and qualified mayor and city commission, hereby make the following contract, giving and granting unto the Upham Gas Company of Texas, a corporation duly incorporated under the laws of Texas and having its principal place of business at Minerals Wells, Tex., and to its successors and assigns, the following rights, privileges, and franchises over and on the streets, alleys, and highways of the city of Vernon, Tex., to use said streets, alleys, and highways for the transmission, transportation, and distribution of gas for the purpose of furnishing light, heat, and power and any and all other purposes for which natural or artificial gas may be used and supplied to the citizens of said city of Vernon, Tex., under the terms and conditions which such rights, privileges, franchises, and use of said streets, alleys, and public highways shall be exercised. * * *

"The said Upham Gas Company of Texas shall have the right to excavate along, across, or under any of the streets or alleys or bridges in said city for the purpose of laying its pipes and mains and installing its system to furnish gas to said city and the inhabitants thereof, and to lay its pipe lines, mains and install its system across, under, and on such streets and alleys of said city.

"The Upham Gas Company of Texas, in consideration of this agreement, agrees to begin the construction of its pipe line and mains into the city of Vernon, Tex., within 6 months from the date hereof, and agrees to have its line and mains into said city within one year from date hereof, and agrees to continue the laying of its lines, mains, and laterals for the purpose of furnishing gas to said city and the inhabitants thereof with reasonable dispatch, after its lines and mains have been constructed in said city.

"Rights and franchises herein and hereby granted shall continue for a period of 20 years from the date of the granting hereof.

"In witness whereof, the city by and through its mayor and city commission, on its behalf, and the Upham Gas Company of Texas, on its behalf, duly execute this instrument this the

22d day of September, A. D. 1925. City of Vernon, Texas, by Harry Mason, Mayor, R. D. Shive, City Commissioner, B. Daniels, City Commissioner, J. H. Pendleton, City Commissioner, E. M. Rogers, City Commissioner. Attest: S. H. Hall, City Secretary.

"On motion of B. Daniel and duly seconded by J. H. Pendleton that the foregoing ordinance be passed as read, all members voting Aye. On this the 22d day of September, 1925, came on to be considered the applications of the Upham Gas Company of Texas for a franchise to use the streets and alleys of the city of Vernon for the purpose of laying mains, laterals, and erecting and maintaining the necessary equipment relating thereto, for the purpose of supplying gas to the citizens of Vernon and to said city, as more fully appears in the foregoing franchise and as per terms, conditions, and stipulations, and the commissioners of said city having fully considered same and having approved same, therefore, be it ordained by the city commission of the city of Vernon that said franchise aforesaid be and the same is hereby in all things approved and granted and ordered to be published in a newspaper in the city of Vernon for three successive weeks, the cost thereof to be paid for by the said Upham Gas Company of Texas.

"It is further hereby ordained that 30 days after the last publication of said franchise aforesaid that the same shall be in all things effective as provided by the charter and laws of said city.

"Done by order of the city commission at Vernon, Tex., day and date last above written.
"[Signed] S. H. Hall, City Secretary."

Thereafter, as appears from the records of the city commission, the following proceedings relative to this matter were had:

"Adjourned Regular Session.
"June 30, 1926.
"On motion of Castlebury, and duly seconded by Smith, that Ordinance No. 414 be adopted as published. Motion carried by the following vote: Rogers, aye; Smith, aye; Castlebury, aye; Mayor Hockersmith, aye. None voting No.
"Commissioner S. A. Castlebury introduced a resolution ratifying and confirming Ordinance No. 414 as passed by the city commission of the city of Vernon, Tex., on the 22d day of September, A. D. 1925. Said resolution being on file in the office of the city secretary.

"Gas Franchise."
"Coming on to be considered Ordinance No. 414, S. A. Castlebury made a motion, which was duly seconded by Commissioner W. O. Smith, that the foregoing Ordinance No. 414 as passed and introduced September A. D. 1925, be adopted as read, and the question being called for, the motion was duly placed before the commission by the mayor on the question of its adoption or rejection, and the roll, being called, resulted as follows:
"Rogers, aye; Castlebury, aye; Smith, aye; Mayor H. D. Hockersmith, aye. None voting no.
"Whereupon the Mayor declared the motion carried and Ordinance No. 414 adopted as read, and that the foregoing resolution be passed.
"June 30, 1926. Commissioner S. A. Castlebury introduced the following resolution:
"Whereas, on the 22d day of September, A.

D. 1925, by ordinance the city of Vernon granted to the Upham Gas Company of Texas a franchise to use the streets and alleys of said city for the purpose of furnishing gas to the city and the inhabitants; and

"Whereas, the said ordinance was published for three consecutive weeks as provided by the charter of said city of Vernon, Texas, to wit, on the 25th day of September, 1925, and the 2nd and 9th days of October, 1925, respectively, in the Vernon Record, a newspaper published in said city of Vernon; and

"Whereas, such ordinance became effective on the 9th day of November, A. D. 1925, and the Upham Gas Company of Texas and its successors in good faith are carrying out the terms and conditions of said franchise:

"Now, therefore, be it ordained by the city (commission) of Vernon that said Ordinance No. 414 as same appears on the minutes of the commission and the records of the city of Vernon, be and the same is hereby approved, ratified, confirmed, and passed as same appears in said minutes, and that the same is hereby declared to be in full force and effect from and since 30 days after the last publication thereof in the Vernon Record on the 9th day of October, A. D. 1925.

"Motion made by Commissioner W. O. Smith that the above resolution be adopted and on second of Commissioner S. A. Castlebury, a vote was had as follows:

"Whereupon, this ordinance was submitted to the vote of the commission on an Aye and Nay vote, whereupon S. A. Castlebury voted yea, W. O. Smith voted yea, Lon Byars not present, E. M. Rogers voted yea, and Mayor H. D. Hockersmith voted yea, and it appearing that said ordinance as passed by four votes, it is hereby declared to be an ordinance of the city of Vernon, Tex., upon this the 1st day of July, A. D. 1926. H. D. Hockersmith, Mayor, City of Vernon. S. H. Hall, City Secretary, City of Vernon."

It is insisted by the defendant that the foregoing proceedings are not sufficient to show the enactment of an ordinance and the granting of a franchise by the city commission. The defendant attacks them as being insufficient upon the following grounds: (1) The ordinance was never published in any newspaper in Vernon; (2) it was never published or printed by the city in the form of an ordinance; (3) it has no title and no caption; (4) it has no enacting clause; and (5) was passed by the city commission the same day it was introduced.

[2, 3] Section 17, art. 2, of the City Charter, provides that such an ordinance shall be published in some newspaper in the city of Vernon for three consecutive weeks after its introduction before it shall become effective. According to the testimony of the publisher of the paper and the evidence introduced by the city secretary, due publication was made, and this contention is without merit. There is no statutory nor charter requirement that such an ordinance shall be published in book form or in an ordinance book, nor does it appear from the record that this has not been done. Neither the statute nor the charter

prescribes any particular form for ordinances. In such case any form which clearly expresses the corporate will that the ordinance exists, and which plainly indicates its terms and the object to which it is intended to apply, is sufficient. If there has been a substantial compliance with the statute and charter requirements, the courts will declare the ordinance valid. 2 McQuillin on Municipal Corporations, § 677; City of Brownsville v. Fernandez (Tex. Civ. App.) 202 S. W. 112.

[4-8] The requirement that the title of an act shall embrace its subject does not apply to municipal ordinances. Craddock v. City of San Antonio (Tex. Civ. App.) 198 S. W. 634. Nor is it generally necessary to state the purpose of the ordinance in the caption thereof. Ex parte Adlof, 86 Tex. Cr. R. 13, 215 S. W. 222. We think, however, this was done in the instant case. The title "Gas Franchise" appears at the head of the preamble and caption as originally introduced, and it also appears as a part of the proceedings of July 1. This sufficiently states the purpose of the ordinance. The "Style" or enacting clause is also present, though not as usual at the beginning, but this does not, in our opinion, invalidate the ordinance or render void the contract evidenced thereby. Castleberry v. Coffee (Tex. Com. App.) 272 S. W. 767. The fact that the contract between the parties is incorporated in full in the ordinance is to be commended rather than criticized, since an ordinance of this character in its nature is a contract. Pond on Public Utilities (3d Ed.) §§ 120, 121.

[9] Section 18, art. 9, of the City Charter, provides that no ordinance, unless it be declared to be an emergency measure and passed by unanimous vote of the commission, shall be passed on the date which it shall be introduced, and section 19, art. 9, prohibits the passage of any such an ordinance as an emergency measure. It does not appear that the city council ever attempted to pass the ordinance which granted the appellant a franchise, as an emergency measure. The only objection urged by appellee which we think tenable is that the original ordinance was passed upon the same day it was introduced in the council. Realizing that its action in passing the ordinance on the date of its introduction, viz., 22d day of September, 1925, was invalid, thereafter the city council, on June 30, 1926, passed what is, in effect, a confirmation of said ordinance, and this action, when considered with what was done on July 1st by the city commission, we think is in effect a valid adoption, ratification, and re-enactment of the ordinance as originally introduced.

[10] Ordinances that are not unconstitutional and void as being in violation of an express statute or constitutional provision may be ratified by subsequent action as to the time or form of their adoption unless rights have been vested in the meantime which such affirmance or ratification would affect, and in such case it is not necessary to rewrite the ordinance in full, but it may be adopted by reference as has been done in this case. Ex parte Parr, 82 Tex. Cr. R. 525, 200 S. W. 404; City of Paris v. Brenneman, 59 Tex. Civ. App. 464, 126 S. W. 58; Craddock v. City of San Antonio, supra; Gallup v. Liberty County, 57 Tex. Civ. App. 175, 122 S. W. 291. See, also, 28 Cyc. pp. 380, 381, 1010; 2 McQuillin, Munic. Corp. §§ 797, 823, 826, 827; 2 Dillon, Munic. Corp. (5th Ed.) § 832, and note; 3 Dillon, Munic. Corp. (5th Ed.) §§ 1210, 1214; Bartlesville Electric Light & Power Co. v. Bartlesville Interurban Ry. Co., 26 Okl. 453, 109 P. 228, 29 L. R. A. (N. S.) 77.

[11] Moreover, it appears that within a reasonable time after the plaintiff secured the consent of the city commission to use the streets and lay pipe lines, it in good faith accepted the franchise according to its terms and commenced work. This constitutes a binding contract which the law upholds. Bond on Public Utilities (3d Ed.) §§ 144, 145, 146. We therefore conclude that the plaintiff had the right to institute the suit and that it has a valid franchise.

The defendant claims the right to use the streets in laying its pipe lines, under a franchise granted by the city council by Ordinance No. 425, which was introduced July 19, 1926. That franchise expressly provides that it is not to be considered as exclusive, and that the city expressly reserved the right to grant like privileges, rights and franchises to any other person, or corporation, desiring to furnish gas to said city. Section 12 of the ordinance is as follows:

"The grantee shall file its written acceptance of this franchise within 30 days after its effective date; and work on the distributing system herein authorized shall begin within 10 days after the acceptance of this ordinance, by the grantee, and shall be prosecuted with reasonable diligence."

Section 13 provides:

"This ordinance shall take effect and be in force at the earliest date allowed by law and the city charter of the city of Vernon."

It was read the first time July 19, 1926; the second time, July 22, 1926; and passed by unanimous vote the third reading, on July 27, 1926.

On July 27, 1926, the city council by resolution gave the defendant permission to go to work immediately in laying its pipe lines and installing its plant. This resolution recites, in part, that whereas, the franchise to defendant will not be in full force and effect until 30 days after its publication for three successive weeks, and, further, that by compliance with the city charter said franchise may have to be submitted to a vote of the people for adoption or rejection, and in the event it is rejected by said vote said franchise will be void; and that where-

as, the company is desirous of proceeding at once to lay its pipe lines in the city and is willing to take chances upon the outcome of a referendum vote; and whereas should such franchise for any reason be not finally passed, and should not become effective, then said company should remove all of its pipe lines at its own expense and restore the streets and alleys and other property as near as possible to the condition in which it was found prior to said work; and whereas, it agreed to execute a bond in the sum of $25,000 payable to the city, guaranteeing said city against all damage resulting from its work: That the defendant was permitted to at once begin to lay its lines.

[12] It further appears that Ordinance No. 425 was published for the third time on August 3, 1926. Section 17, art. 2, of the City Charter, provides that before any ordinance granting a franchise to use the streets and alleys of the city shall become effective, publication of said ordinance as finally proposed to be passed should be made in a newspaper published in said city once a week for three consecutive weeks, and it further provides:

"Nor shall any such ordinance take effect or become a law or contract, or vest any rights in the applicant thereof until after the expiration of 30 days from the last publication of said ordinance as aforesaid."

According to this provision of the charter, which is controlling, the ordinance would not become effective until September 3, 1926.

It further appears that Ordinance No. 428 was introduced on August 20, 1926, for the purpose of repealing Ordinance No. 425, which granted the defendant the franchise. This ordinance recites that, since the vote was taken upon Ordinance No. 425, it is clear that two gas companies cannot operate within the city with profit to either, and without endangering the peace of the city and exposing it to litigation and sundry complications, and then proceeds to expressly repeal said Ordinance 425.

[13-15] In our opinion, Ordinance 425 could not, under section 17, art. 2, of the Charter, become effective until September 3d thereafter. The general rule is well settled and is constantly enforced that one who makes a contract with a municipal corporation is bound to take notice of the limitations on its power to contract. The municipal corporation cannot in any manner bind itself by any contract made in violation of the terms of its charter or enabling act, and those contracting with it are bound to take notice not only of the terms of the ordinance under which the contract is made, but also of the provisions of the charter or statute under which the ordinance has been passed. In brief, he is required to see not only that his contract complies substantially with the ordinance, but he is compelled to go further and ascertain whether the ordinance is authorized by the charter or controlling legislative act. As said in the case of City of Paris v. Sturgeon, 50 Tex. Civ. App. 519, 110 S. W. 459:

"A person dealing with a municipal corporation is bound to know the extent of its power, and where it fails to comply with an engagement made with him, which it had no power to make, he cannot complain, though he performed his part of the undertaking."

[16] Under the terms of the charter, the ordinance which purports to grant the franchise could not become a binding contract until September 3d. The permission by the city council given defendant to proceed with the work of installing its system was not a proceeding under the contract because there was no contract at that time. In proceeding with the work, the defendant by express agreement with the city council accepted all risks and recognized the possibility of a failure to ultimately secure a valid franchise. The proceeding which is termed Ordinance No. 428 effectually withdrew the permission given by the city to defendant to ever lay any pipes and is in effect a denial of the defendant's application for a franchise. Defendant could acquire no rights under a contract which never came into existence. Tharp v. Blake (Tex. Civ. App.) 171 S. W. 549; Sluder v. City of San Antonio (Tex. Civ. App.) 269 S. W. 463; 3 McQuillin, Municipal Corporations, § 1166; 28 Cyc. 356; State ex rel. Bump v. Omaha & C. B. Ry. & Bridge Co., 113 Iowa, 30, 84 N. W. 983, 52 L. R. A. 315, 86 Am. St. Rep. 357.

[17] The defendant also claims the right as the assignee of G. M. Church to proceed under franchise No. 403, which was granted to Church "and his assigns," and which was finally passed June 11, 1924. Section 13 of this franchise is as follows:

"This franchise is granted upon the express condition that the said G. M. Church, his associates, and assigns shall, within 90 days from the time this franchise is granted and becomes effective, begin the construction of a pipe line from a point or place where gas may be procured by them to said city of Vernon, and which pipe line shall be at least a 4-inch pipe properly constructed, and shall within 12 months from this day have completed such system of gas mains as is outlined in the foregoing section of this franchise, and be in a position to furnish gas to the inhabitants of said city, barring unavoidable accidents and delays. In the event they shall fail to comply with the foregoing provisions, then this franchise shall be forfeited and neither party shall have any right by reason thereof."

Church did no work and incurred no expense under this proposed franchise, and on July 10, 1926, through his attorney in fact transferred in writing his interest in and rights thereunder to the defendant. One of the defendant's officials testified that on

July 12, 1926, it commenced under this ordinance to lay its mains in the streets of Vernon, and after it had worked a day and a half its foreman was arrested and the work was stopped by the city authorities. We think section 13 of the ordinance is self-enacting, and the failure of Church to comply with its terms and conditions within the time limited worked a forfeiture of his rights, since it expressly provides that in the event of such failure it "shall be forfeited and neither party shall have any right by reason hereof."

[18-20] The provision as to the commencement and completion of the work is in the nature of a condition precedent, and the grant is rather a license and does not ripen into a contract or franchise until compliance on the part of Church with such conditions. Before Church or his assigns could enjoy the benefits and privileges granted, they must have performed the duties imposed within the time limited. The city had the right to make such a conditional contract (2 Fletcher, Cyc. Corp. § 1171), and its act in arresting defendant's employees and stopping the work is sufficient evidence that it had withdrawn its consent and repudiated the license, if, indeed, such withdrawal was necessary. Church's acceptance of the proposed franchise was also an acceptance of the terms and conditions upon which it was to become effective. Neither Church nor his assigns could claim its benefit without at the same time assuming its burdens and discharging its obligations.

"A condition or restriction attached to a municipal consent to the construction of a railroad or other public utility in the city streets that the work of construction shall be completed and the utility put in operation within the prescribed period is generally recognized as beneficial to the public and reasonable and valid. The effect of this condition appears to be to create a defeasance if the railroad or other public utility should not be completed and put in operation within the prescribed period, or it may be regarded as to limiting the consent of the municipality in duration to the prescribed period unless within that period the public utility should be constructed and operated. The period prescribed for completion and operation has been regarded as of the essence of the contract or grant, and it has been held that, upon the expiration of that period without completion, the municipality may begin proceedings to remove the railroad or other public utility from the city streets." 3 Dillon, Mun. Corp. (5th Ed.) § 1213; Grey v. New York & P. Traction Co., 56 N. J. Eq. 463, 40 A. 21; Keystone State Telephone & Telegraph Co. v. Borough of Ridley Park, 28 Pa. Super. Ct. 635.

The Supreme Court of Pennsylvania, in Millcreek Tp. v. Erie Rapid Transit St. R. Co., 209 Pa. 300, 58 A. 613, held that by the failure of the company to construct the street railway within the time prescribed by the franchise it was forfeited, and that no action on the part of the township was required to complete the forfeiture. The provision in the franchise was "that, if the railway is not built within a time specified, 'then this franchise and all the rights thereunder to be null and void, and of no effect.'"

In Atchison St. R. Co. v. Nave, 38 Kan. 744, 17 P. 587, 5 Am. St. Rep. 800, the Supreme Court of Kansas held that the authority from the city to construct a railway at any time within six months thereafter must be exercised, if at all, before the expiration of the time limited, and that such authority was a mere license and no act of revocation or declaration of forfeiture was required to terminate it in the event it was not availed of in accordance with its terms. To the same effect is the text in Pond on Public Utilities §§ 148, 183, 468, and the authorities therein cited. We therefore conclude that the defendant could not claim the right to lay its pipes under the Church franchise.

[21] The defendant contends that it is entitled to proceed under the Revised Statutes 1925, art. 1436. That article provides that gas and other corporations referred to in article 1435 shall have the right and power to enter upon, condemn, and appropriate the lands, rights of way, easements, and property of any person or corporation, and shall have the right to erect its lines over and across any public road, railroad, railroad right of way, interurban railroad, street railroad, canal, or stream in this state, or any street or alley of any incorporated city or town in the state, with the consent and under the direction of the governing body of such city or town. It is clear that the defendant must either by proper condemnation proceedings, or with the consent of the governing body of the city, secure the right to lay its pipe lines, before it can lawfully proceed to do so. It has made no effort to condemn its right of way, and as heretofore stated the consent which it secured from the city was withdrawn by the proceeding which is termed Ordinance No. 428. The consent referred to in said article of the statute must, of course, be granted in accordance with the charter of the city, and in this case such consent must have been given in accordance with section 17, art. 2, relative to the granting of a franchise to a public utility; that is, by ordinance, and not by resolution. 2 McQuillin, Mun. Corp. §§ 634, 636; City of Beaumont v. Mathew Cartwright Land & Improvement Co. (Tex. Civ. App.) 224 S. W. 589; American Construction Co. v. Davis (Tex. Civ. App.) 141 S. W. 1019.

[22] The attacks made by the parties upon the respective ordinances were not collateral attacks, and the court did not err in overruling the objections made upon that ground.

[23] It is a fundamental rule of pleading that one who relies for recovery upon a contract which imposes conditions precedent upon him must allege performance of such conditions upon his part, and his failure in this respect renders his pleading subject to demurrer urged upon that ground. The exceptions of plaintiff in this particular to the allegations of the defendant in paragraphs 13, 14, 15, and 17 should have been sustained.

[24, 25] The court did not err in overruling plaintiff's objections to the introduction in evidence of the G. M. Church franchise. Its cause of action was based upon the franchise which was in the form of an ordinance, and it was admissible, under Revised Statutes 1925, art. 1013. The questions at issue in the case are not shown to have become moot. The court's findings of fact were probably not as full as they should have been, but this will possibly not occur on another trial.

For the errors pointed out, the judgment is reversed and the cause is remanded.