### PRINCE et al. v. W. H. COTHRUM & CO. et al.

### No. 14167.

Court of Civil Appeals of Texas. Dallas.

Feb. 17, 1950.

Rehearing Denied March 17, 1950.

Chaney & Davenport, of Dallas, for appellants.

H. P. Kucera, City Attorney, H. Louis Nichols, Assistant City Attorney, and John Plath Green, all of Dallas, for appellees.

CRAMER, Justice.

This is an appeal from the denial of a temporary injunction. The 23 appellants filed this suit against appellees Cothrum & Company, hereinafter referred to as Cothrum, and the City of Dallas, hereinafter referred to as the City, seeking injunctive relief against Cothrum to prohibit it from constructing an apartment housing project on a 22-acre tract of land bounded by Hatcher Street, Casson Lane, Vannerson Street, and Roberts Street, as well as some other private property; but all within the City of Dallas. Cothrum had petitioned the City to grant it a special permit to build a housing project consisting primarily of apartment house buildings. After the City Plan Commission reported that it did not recommend the project to the City Council, the City Council, upon the question reaching it in due order, adopted and passed the following amendment to the zoning ordinances of the City (omitting formal parts) as follows:

"An ordinance amending chapter 165, title XLIII, of the 1941 code of civil and criminal ordinances of the City of Dallas as amended by ordinances No. 4047, enacted by the City Council on April 30, 1947 and as heretofore amended, by permitting the following described property, to wit

(Description by metes and bounds to 22 acres appears here) to be used for a housing development, with all the uses permissible to an A-1 district, upon the conditions hereinafter more fully expressed; that the property shall be improved according to the plan submitted therefor, and shall be approved by the City Plan Commission and the City Council, in accordance with the map attached hereto and marked exhibit 'A'; providing for a penalty; and declaring an emergency.

"Whereas, the City Plan Commission of the City of Dallas and the governing body of the City of Dallas in compliance with the charter and the state law with reference to the granting of special permits under the Zoning Ordinance Regulations and Zoning Map, have given the requisite notices by publication and otherwise and after holding due hearings and affording a full and fair hearing to all the property owners, generally, and to the persons interested, situated in the affected areas and in the vicinity thereof; Now, therefore, be it ordained by the City Council of the City of Dallas:

"Section 1. That chapter 165, Title XLIII of the 1941 code of civil and criminal ordinances of the City of Dallas, as amended by ordinance No. 4047, enacted by the City Council on April 30, 1947, and as heretofore amended, be, and is hereby amended insofar as the property hereinafter described shall be classified and used for a housing development, with all the uses permitted to an A-1 use district; and the zoning map or plat be, and is hereby amended and corrected so that the property hereinafter described thereon shall be zoned as hereinafter set out:" (Field notes omitted.)

"The City Plan Engineer is hereby directed to correct the official zoning map in the office of the City Secretary; the official copy in the office of the Building Inspector and the official copy in the office of the City Plan Engineer to reflect these changes.

"Section 2. That this permit for the housing development is approved and granted upon the following express conditions: (1) That the development of the housing project shall be accomplished in accordance with the general plan submitted and approved both by the City Plan Com-

mission and the City Council, which is attached hereto, made a part hereof and marked exhibit 'A'; (2) That the following streets be dedicated and paved with concrete in accordance with the standard requirements of the City of Dallas: (Here follows details as to dedication of streets, etc., omitted because of length). (15) That all work contemplated under this special permit for the construction and development of this apartment project shall be completed within 2 years from date of issuance.

"Section 3. That any person, firm or corporation violating any of the terms and provisions of this ordinance shall be subject to the same penalties provided for in ordinance No. 4487, particularly 165-28. * * *"

Cothrum entered into the construction of the improvements, etc., after securing building permit from the City Plan Commission, and was proceeding with the work thereunder when the present action was instituted.

The trial court, after a hearing, denied the temporary injunction, and this appeal has been duly perfected therefrom.

Appellants assign four points of error in substance as follows: The trial court erred (1) in holding a valid municipal zoning for single family residences to be repealed by an amended ordinance granting a special permit under conditions performable at the option of the permittee since the ultimate decision as to whether or not a change in zoning is to be effected is thereby vested in persons other than the municipal legislative body; (2) in refusing to grant temporary relief by injunction against the erection of a multiple housing unit in such area, since they reside and own homes in close proximity to the area and have a justiciable interest therein and would suffer irreparable damage to their property, without adequate legal remedy, by such erection of said project by appellees; (3) in refusing to enjoin a violation of existing municipal zoning ordinance in violation of Art. 165-20 of the City general zoning ordinance; and (4) in refusing to enjoin the delegation of legislative authority by the Council to the City Plan Commission, by granting permit to develop the area in question in accordance with the general plan approved by the City Plan Commission without final approval by the Council.

The record shows that, prior to the above amendment to the zoning ordinance, the 22-acre tract in question was zoned as a family residence area. On the hearing, the appellants introduced evidence as to the location of their property and that same will depreciate in value if the project is completed. It also appears that after passage of the amendment the final plans for the project were approved by the City Plan Commission and the building permit issued; and building on the project was well under way at the time of the trial.

Appellants in their brief state and argue all points together, contending that the amendatory ordinance changing the area from single family dwellings to Apartment-1 or housing project area, is void, since (1) the preamble recites compliance only with the law relating to the granting of special permits; (2) there is no saving clause in the ordinance; (3) section 1 classifies the property without specifying the houses to be single family, multiple, or duplexes; (4) nor does it specify any spacing or construction regulations; but (5) amends the existing zoning to permit apartment (A-1) uses; and therefore (6) section 2 must be resorted to in order to arrive at any knowledge as to what spacing or regulations are imposed; and therefore the ordinance is given effect only by compliance on part of Cothrum, which is a delegation by the City Council of legislative powers to Cothrum.

Assuming appellants have a justiciable interest (only one appellant, A. R. Driggers, owns property within the 200 ft. minimum under Art. 1011e, Vernon's Tex.Civ.St.), the whole question here is whether the amendment to the zoning ordinance of the City is a valid or void amendment. It is attacked for the reason that the caption is not sufficient, and therefore the ordinance does not effect an amendment and does not repeal that part of the old ordinance sought to be amended.

 The requirement as to caption of an ordinance is not the same as it is to a bill passed by our State Legislature. As

said in Northern Texas Utilities Co. v. Community Natural Gas Co., Tex.Civ.App., 297 S.W. 904, at page 910, syl. para. 4-8, "The requirement that the title of an act shall embrace its subject does not apply to municipal ordinances * * * Nor is it generally necessary to state the purpose of the ordinance in the caption thereof." See also Ex parte Adlof, 86 Tex.Cr.R. 13, 215 S.W. 222; Ex parte Broussard, 74 Tex.Cr.R. 333, 169 S.W. 660, L.R.A.1918B, 1091, Ann.Cas.1917E, 919; Broussard v. Baker, 241 U.S. 639, 36 S.Ct. 285, 60 L.Ed. 1215.

In our opinion, section 1 of the ordinance above set out is severable from section 2, and effectually amended the then existing zoning ordinance so as to rezone the 22 acres in question from family dwellings to apartment or A-1 classification.

Section 2 authorizes a special permit, under Art. 165-20 of the zoning ordinance.

Article 165-20 of the City's general zoning ordinance provides in part as follows: "The City Council of the City of Dallas may, after public hearing and proper notice to all persons affected, and, after recommendation from the City Plan Commission containing such requirements and safeguards as are necessary to protect adjoining property, authorize the location in any use district of any of the following: * * * 3. Private housing projects when accompanied by a site plan drawn to scale and showing the arrangement of the project in detail. Shopping Villages consisting of not less than three (3) acres and when accompanied by a site plan drawn to scale and showing the arrangement of the project in detail together with essential requirements such as parking facilities, locations of buildings, and the uses to be permitted. * * *"

The City Plan Commission, prior to the action by the City Council, passed on the project proposed by Cothrum and recommended against the granting of a special permit. The matter was then taken to the City Council and, upon a hearing, the City Council granted the permit as shown by section 2 of the amendment to the ordinance above quoted, after having, in the same ordinance, (section 1), rezoned the 22 acres in question.

In our opinion Cothrum complied with the provisions of the ordinance when it originally tendered to the City Plan Commission, along with its application, a site plan drawn to scale and showing the arrangement of the project in detail. Further, it was not necessary under the ordinance to initiate a new proceeding in order to change some of the details of such plan, such details included at the suggestion of the Council, where, as here, such change was made at the suggestion of, and for the benefit of, the City.

Neither do we construe the zoning ordinance to require the City Plan Commission to recommend the approval of the project before the City Council could act on the same. It is only necessary that the Council approve or disapprove same on a de novo hearing after the City Plan Commission has passed upon the matter. The City Council probably had the right to initiate and pass the ordinance originally without it having first been submitted to the City Plan Commission, but that question is not before us and we do not pass upon it.

We are further of the opinion that after the City Council has acted, the courts will not substitute their judgment as to the wisdom or propriety of the Council's action. Its discretion is not for review by the courts. Lombardo v. City of Dallas, 124 Tex. 1, 73 S.W.2d 475.

We therefore overrule appellants' first three points.

By the fourth point appellants complain of a delegation by the Council to the Plan Commission of its legislative authority. We cannot sustain this point. The ordinance provides for the general plan to be approved by both the Council and the Plan Commission (Sec. 2, subdv. 1, ordinance hereinabove set out). This is not a delegation of authority.

Finding no error in the judgment below, it is affirmed.