TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00749-CV







City of Austin, Texas/Gerardo Molina and Eric Moreno, Appellants



v.



Michael Castillo; Mary Ann Stone; Gustavo Barrera; Luis Delgado; Rafael Gutierrez;


Doroteo S. Hernandez; Gerardo Molina; Adrian Duran; Chris G. Vallejo;


James Castro; Eric Moreno; Jovita Lopez; and Debbie


Trevino/City of Austin, Texas, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 97-12978, HONORABLE ERNEST C. GARCIA, JUDGE PRESIDING







 The City of Austin (the "City") appeals from a judgment recovered by Michael
Castillo and other plaintiffs employed by the City as police officers. We will reverse the judgment
in part, remanding for a new trial the part reversed, and affirm the balance of the judgment. See
Tex. R. App. P. 43.2(b), (d), 44.1(a), (b).


THE CONTROVERSY


 The City operates its police department under the provisions of Chapter 143 of the
Texas Local Government Code. In the matter of police-officer salaries, the legislature has
directed that "all officers in the same classification are entitled to the same base salary," save for
instances not material here. Tex. Loc. Gov't Code Ann. § 143.041(b) (West 1999). The Code
requires that the governing body of the city establish such classifications by ordinance. See id.
§ 143.021(a). The purpose of this requirement is to prevent discrimination. There is no dispute
on appeal concerning whether any of the officers mentioned in this opinion are in the same
classification.

 "In addition to base salary, each . . . police officer is entitled to . . . assignment
pay as authorized by Sections 143.042 and 143.043" of the Code, where applicable. See id.
§ 143.041(c)(3). "Assignment pay" is additional compensation paid for performing "specialized
functions" within a police department or performing "the duties and responsibilities of" a field-training officer. Such pay is "applicable" and a permissible departure from the equal-pay
requirement when authorized by the governing body of a municipality in a specific manner. See
id. §§ 143.042(b), .043(b).

 To make assignment pay applicable, the governing body must do so by an
ordinance that sets (1) the amount of such pay, and (2) the conditions under which it is payable. 
See id. § 143.042(c). This too appears to have an anti-discrimination purpose because explicit 
criteria for the additional pay must also be fixed in the ordinance. See id. § 143.042(d). There 
is no other method authorized in the Code for departing from the equal-pay requirement by adding
assignment pay to an officer's salary.

 On September 15, 1993, the Austin city council enacted Ordinance No. 930915-A. (1) 
The ordinance established an operating budget for fiscal year 1993-94. The budget included a
one-line item setting apart $120,000 for "Bilingual and Field Officer Pay" in the police
department. This item referred to a program in the department by which officers who passed a
Spanish-language proficiency test would receive, in addition to their base salary, the sum of
$75.00 per month as assignment pay. The police chief posted on December 8, 1993, a notice that
the proficiency test would be given in the Spring of 1994. The test was given in late February
1994. The officers who passed the test began receiving, on or about March 20, 1994, the
additional monthly sum of $75.00.

 Although the city council budgeted $120,000 for the program, in Ordinance No.
930915-A, nothing in that ordinance or any other ordinance set forth the amount of assignment
pay and the conditions under which it would be payable, as required by Sections 143.042(b) and
143.043(b) of the Code. These matters were apparently decided by the police chief in her
discretion and on terms stated in the notice she posted.

 The City did not again offer the examination during the period 1995-97.

 On November 18, 1997, the plaintiffs in the present cause (2) filed in the trial court
their original petition, alleging that each was a "classified police officer employed by the City." 
They prayed for a declaratory judgment that the City's salary system for police officers violated
Sections 104.041 and 143.042 and failed to make the extra $75.00 per month available to all
qualified officers by not offering the Spanish language proficiency test during 1994-97. As relief
ancillary to the declaratory judgment, the plaintiffs requested a mandatory injunction requiring
the City to: (1) give "bilingual pay (3) to police officers who are required to use their bilingual
abilities" in their work for the City; (2) administer a Spanish-language certification test within a
reasonable time and at least annually thereafter; and (3) make each plaintiff "whole for all pay
lost" during the relevant period "as a result of [the City's] illegal actions." (4) The City appeared
and answered in the cause by a general denial filed December 19, 1997.

 While the cause was thus pending in the trial court, several related events occurred. 
The city council enacted on February 12, 1998, Ordinance No. 980212-K. In that enactment, the
city council made "findings" that the City had adopted Chapter 143 of the Texas Local
Government Code applicable to police officers and that the police department had "recommended
assignment pay for officers who perform field-training duties and for police officers who meet a
required proficiency level in selected languages other than English." The ordinance set "bilingual
pay" amounts at $75.00 per month and an hourly rate for field training officers, payable according
to "criteria specified in the Ordinance." The "criteria" were, evidently, those implicit in the
following instructions set forth in Ordinance No. 980212-K:


The City Council authorizes bilingual pay in accordance with the criteria specified
in this Ordinance. The Chief of Police shall establish a list of language(s) other
than English. The Chief of Police also shall adopt proficiency requirements and
a method for testing and certifying an officer's skills in such language(s). The
Chief of Police shall establish guidelines to administer the bilingual pay program. 
At a minimum, the guidelines must provide that an officer may not receive
bilingual pay unless the officer:


(1) demonstrates the required proficiency level, as established by the Department
and


(2) is not on Departmental probation.



Similar instructions in the ordinance were given respecting officers assigned to perform field-training duties.

 In March 1998, the City administered a second Spanish-language proficiency test. 
Each plaintiff in the present cause, save one, passed the examination and began receiving the extra
$75.00 per month. One plaintiff, Eric Moreno, was eligible to take the test but did not.

 On December 3, 1998, the city council enacted Ordinance No. 981203-L, to be
effective December 14, 1998. The ordinance declares as follows:


(1) Ordinance 980212-K established a bilingual pay program for the Austin Police
Department.


(2) Ordinance 980212-K became effective on February 12, 1998.


(3) The Police Department had a bilingual pay program in effect before the
effective date of Ordinance 980212-K.


(4) Bilingual pay paid before the effective date of Ordinance 980212-K was
consistent with the Council's intent in enacting Ordinance 980212-K.


The Council authorizes bilingual pay paid to police officers during the time period
beginning January 1, 1994, and ending February 11, 1998.



 On February 18, 1999, the present cause was tried without a jury on a set of
stipulated facts and on the parties' original pleadings. In a final judgment signed September 24,
1999, the trial court awarded back pay to each of the plaintiffs save two, in amounts not contested
on appeal, while denying all relief not expressly granted.

 The plaintiffs awarded back pay were those who were not eligible to take the first
proficiency test in February 1994, and who passed the second test in March 1998, after the
litigation commenced. They are: Michael Castillo ($3,000), Mary Ann Stone ($2,550),Gustavo
Barrera ($3,000), Luis Delgado ($3,000), Doroteo S. Hernandez ($3,000), Adrian Duran
($2,550), Chris G. Vallejo ($3,450), James Castro ($3,000), Jovita Lopez ($2,025), and Debbie
Trevino ($2,025). The trial court rendered a take-nothing judgment against the claims of Gerardo
Molina, who had been eligible to take the February 1994 test but did not, and Eric Moreno, who
had been eligible to take the March 1998 test but did not. Rafael Gutierrez, a plaintiff named in
the plaintiffs' original petition, is not mentioned in the judgment; he is, however, listed as an
appellee in this Court. His claims were adjudicated adversely by a concluding sentence in the
judgment denying all relief not expressly granted. Augmenting the anomalies in the judgment is
the fact that Joaquin Perez is awarded $3,000 in back pay although he is not named as a plaintiff
in the cause; he is, however, listed as an appellee in this Court.

 The City brings two assignments of error argued together: that the trial court erred
by (1) erroneously interpreting the provisions of the Code to require the City to pay the plaintiffs
back pay, and (2) awarding such back pay as damages.


DISCUSSION AND HOLDINGS


 The City urges several arguments under its assignments of error.

 The first three contentions are (1) "[t]here is no causal connection between what
the Plaintiffs claim the City did wrong (inadequate drafting of the First Ordinance) and their
alleged damages" because the City was not obligated to offer a second examination at all; (2)
"[t]here is no evidence that any of the Plaintiffs could pass an examination" before they passed
the second examination in March 1998; and (3) there was no discrimination against anyone
because Ordinance No. 930915-A, enacted in 1993, "was applied equally to every officer who
met the criteria established therein," each of whom received assignment pay if he or she passed
the 1994 test but received no assignment pay if he or she failed the test. We overrule the
contentions.

 The question of "no evidence" does not arise. The cause was tried solely on facts
stipulated by the parties; there is no reporter's record in the appeal. The agreed facts are
controlling. See 6 McDonald & Carlson, Texas Civil Practice § 44.13 at 1152-53 (Diane M.
Allen, et al., eds. 2d ed. 1998). The City's argument concerning Ordinance No. 930915-A is
false because that ordinance contained no "criteria" at all; it was, rather, an ordinance adopting
a fiscal-year operating budget in which a single line declared simply that $120,000 was assigned
to "Bilingual and Field Training Officer Pay" in the police department. Fundamentally, however,
the City's contentions do not address at all the basis of recovery implicit in the plaintiffs' petition,
the stipulated facts, and the trial court judgment.

 As we understand the record, the theory of recovery is this:

:

1. Section 143.041(b) mandates "the same base salary" for all officers in the
same classifications;


2. Seniority pay, educational-incentive pay, assignment pay, certification pay,
and shift-differential pay are, however, permissible departures from "the same
base salary" requirement of Section 143.041(c), which mandates that the
assignment pay be "as authorized by Sections 143.042 and 143.043";


3. Sections 143.042(c) and 143.043(b) provide that assignment pay is payable,
in addition to base salary, when the amount and conditions under which
assignment pay is payable are "set by ordinance";


4. No ordinance setting such amount and conditions was enacted by the city
council until 1998;


5. The officers who received additional payments of $75.00 per month,
beginning on or about March 20, 1994, were therefore not receiving
"assignment pay" at all, any more than they were receiving, as additions to
their base salary, seniority pay, educational-incentive pay, certification pay,
or shift-differential pay;


6. Consequently, the additional $75.00 per month received by those officers
could only constitute an increase in their base salary, resulting in an unequal
base salary for officers in the same classifications--the record simply does not
show compliance with any Code provision such as Section 143.041(c), by
which any additional sum might permissibly be added to base salary.



See Mokwa v. City of Houston, 741 S.W.2d 142, 143, 145 (Tex. App.--Houston [1st Dist.] 1987,
writ denied) (police chief's authorizing officers to use city-owned motor vehicles during off-duty
hours, or to receive $350.00 per month in lieu of using such vehicles, found to be additional
remuneration for the job classification). Nothing in the City's first three contentions speaks to
this theory of recovery.

 The City contends next that the patent insufficiency of Ordinance 930915-A,
appropriating $120,000 for "Bilingual and Field Training Officers Pay" but omitting to state the
amounts and conditions under which such sums would be payable, was "ratified" by Ordinance
No. 981203-L enacted December 3, 1998, which supplied these omissions. The City refers to
the doctrine that the governing body of a municipality possesses a general power to cure or
validate by a subsequent ordinance a preceding ordinance that is defective. See 62 C.J.S.
Municipal Corporations § 289 at 427 (1999). This power is, however, neither absolute nor
limitless. For example, the defect attempted to be remedied must not be an omission that the
governing body itself was powerless to dispense with in its first enactment. See Morris v. State,
62 Tex. 728, 741 (1884); Louisiana Ry. & Nav. Co. v. State, 298 S.W. 462, 465 (Tex. Civ.
App.--Dallas 1927), aff'd), 7 S.W.2d 71 (Tex. 1928); Northern Tex. Util Co. v. Community Nat.
Gas Co., 297 S.W. 904, 910 (Tex. Civ. App.--Amarillo 1927, writ ref'd). The relevant defect
in the present case is that nothing in Ordinance No. 930915-A sets the amounts of assignment pay
and the conditions under which it is payable, as required by Sections 143.042(b) and (c). Because
these elements were required by statute, the city council was not free to dispense with them when
the council enacted Ordinance No. 930915-A. In addition, the City did not plead in its original
answer this theory of "ratification," a matter of avoidance or affirmative defense. See Tex. R.
Civ. P. 94. We overrule the contention.

 In two related arguments, the City contends the trial court erred because no
ordinance shown in the record authorizes an increase in the plaintiffs' back pay. The remedy of
awarding back pay is, we conclude, authorized in instances where a city has violated a statute such
as those applicable here. See, e.g., Lee v. Downey, 842 S.W.2d 646, 649 (Tex. 1992); Kierstead
v. City of San Antonio, 643 S.W.2d 118, 121 (Tex. 1982). We overrule the contention.

 The City complains finally of defects in the trial court judgment. The first is that
the judgment is silent regarding the claim of Rafael Gutierrez, an individual named as a plaintiff
in the plaintiffs' original petition. The second defect is that the judgment awards Joaquin Perez
$3,000 as back pay although he is not named as a plaintiff in the plaintiffs' original petition. A
final judgment must conform to the pleadings, and entry of the judgment must contain the full
name of the parties, as stated in the pleadings, for and against whom judgment is rendered. See
Tex. R. Civ. P. 301, 306. We sustain the City's complaint and will order appropriate relief
below.


CROSS APPEAL


 Gerardo Molina and Eric Moreno appeal from that part of the judgment below
which orders that they recover nothing by their claims. The judgment against them is founded
on the stipulated fact that neither took a Spanish-language proficiency test although they were
eligible to do so. We believe the prerequisite of taking and passing such a test is contrary to the
theory of recovery outlined at length above. Because assignment pay was never authorized at all
by enactment of an ordinance sufficient for that purpose, there could be no attendant condition that
the officers pass a proficiency test in order to qualify for such pay. The term "assignment pay"
was and is, in this case, only colorable. For want of an authorizing ordinance, the additional
$75.00 paid each month to some officers in the same classification as Molina and Moreno was no
more than an addition to their base salary because the record does not show that this departure
from the equal-pay requirement was authorized on any basis other than the City's failed attempt
to authorize assignment pay. We hold accordingly.


JUDGMENT


 We hold the trial court erred as a matter of law in the following particulars,
resulting in an improper judgment:


1. In ordering that Raphael Gutierrez, Gerardo Molina, and Eric Moreno take
nothing by their claims.


2. In awarding Joaquin Perez $3,000 in back pay when he is not named as a
plaintiff in the cause.



See Tex. R. App. P. 44.1(a).

 We conclude, however, that the aforesaid errors affect only a part of the matter in
controversy, that such part is separable without unfairness to the parties, and that the law and
nature of the case require the order that follows. See Tex. R. App. P. 44.1(b), 43.6.

 1.  We reverse the judgment below insofar as it orders that Rafael Gutierrez,
Gerardo Molina, and Eric Moreno take nothing by their claims, and insofar as the judgment
awards Joaquin Perez $3,000 in back pay. We remand those parts of the cause to the trial court
for a new trial.

 2.  We affirm the remainder of the judgment.



 


 John E. Powers, Justice

Before Justices Jones, Yeakel and Powers*

Affirmed in Part; Reversed and Remanded in Part

Filed: July 27, 2000

Publish



* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The cause was tried below on a set of stipulated facts from which our description of the
controversy is taken.
2. We will name the plaintiffs later in our opinion.
3. The term "bilingual pay" was the term used by the police chief in the notice she posted
December 8, 1993, advertising a "Spanish Language Proficiency Assessment" or examination to
be given the following Spring. The notice declared that "[t]he results of the assessment will
identify which officers will qualify for the Department's bilingual pay increment."
4. The plaintiffs prayed also for recovery of attorney's fees and general relief. The
judgment denies by implication all relief prayed for except back pay. No cross appeal is taken
from that aspect of the judgment.



hom judgment is rendered. See
Tex. R. Civ. P. 301, 306. We sustain the City's complaint and will order appropriate relief
below.


CROSS APPEAL


 Gerardo Molina and Eric Moreno appeal from that part of the judgment below
which orders that they recover nothing by their claims. The judgment against them is founded
on the stipulated fact that neither took a Spanish-language proficiency test although they were
eligible to do so. We believe the prerequisite of taking and passing such a test is contrary to the
theory of recovery outlined at length above. Because assignment pay was never authorized at all
by enactment of an ordinance sufficient for that purpose, there could be no attendant condition that
the officers pass a proficiency test in order to qualify for such pay. The term "assignment pay"
was and is, in this case, only colorable. For want of an authorizing ordinance, the additional
$75.00 paid each month to some officers in the same classification as Molina and Moreno was no
more than an addition to their base salary because the record does not show that this departure
from the equal-pay requirement was authorized on any basis other than the City's failed attempt
to authorize assignment pay. We hold accordingly.


JUDGMENT


 We hold the trial court erred as a matter of law in the following particulars,
resulting in an improper judgment:


1. In ordering that Raphael Gutierrez, Gerardo Molina, and Eric Moreno take
nothing by their claims.


2. In awarding Joaquin Perez $3,000 in back pay when he is not named as a
plaintiff in the cause.



See Tex. R. App. P. 44.1(a).

 We conclude, however, that the aforesaid errors affect only a part of the matter in
controversy, that such part is separable without unfairness to the parties, and that the law and
nature of the case require the order that follows. See Tex. R. App. P. 44.1(b), 43.6.

 1.  We reverse the judgment below insofar as it orders that Rafael Gutierrez,
Gerardo Molina, and Eric Moreno take nothing by their claims, and insofar as the judgment
awards Joaquin Perez $3,000 in back pay. We remand those parts of the cause to the trial court
for a new trial.

 2.  We affirm the remainder of the judgment.



 


 John E. Powers, Justice

Before Justices Jones, Yeakel and Powers*

Affirmed in Part; Reversed and Remanded in Part

Filed: July 27, 2000

Publish



* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The cause was tried below on a set of stipulated facts from which our description of the
controversy is taken.
2. We will name the plaintiffs later in our opinion.
3. The term "bilingual pay" was the term used by the police chief in the notice she posted
December 8, 1993, advertising a "Spanish Language Proficiency Assessment" or examination to
be given the following Spring. The notice declared that "[t]he results of the assessment will
identify which officers will qualify for the Department's bilingual pay increment."
4. The plaintiffs prayed also for recovery of attorney's fees and general relief. The
judgment denies by implication all relief prayed for except back pay. No cross appeal is taken
from that aspect of the judgment.