NO. 07-03-0281-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 9, 2003


______________________________




HERMAN J. CHAVEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;



NO. 2002-478960; HONORABLE L.B. (RUSTY) LADD, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Herman J. Chavez seeks to appeal an order denying his motion for new
trial following his conviction for unlawfully carrying a weapon. Finding we have no
jurisdiction to consider the appeal, we dismiss. 

 Appellant was convicted and sentenced by the trial court on January 30, 2003. The
court's judgment was signed the same day. Appellant's trial counsel timely filed a motion
for new trial, which was set for hearing on March 6, 2003. Following the hearing, the court
announced that the motion for new trial was overruled. The court later signed a written
order denying the motion. The record is silent as to when that written order was signed,
but it was filed with the trial court clerk on May 9, 2003. Appellant filed his notice of appeal
with the trial court on June 9, 2003. 

 In a letter dated August 4, 2003, the clerk of this court notified appellant and the
State that proceedings in this case were abated pending consideration of the court's
jurisdiction over the appeal. We invited the parties to submit briefs on the issue of our
jurisdiction. Neither party filed a response. 

 In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R.
App. P. 25.2(a), 26.2. (1) A timely filed notice of appeal is essential to invoke our appellate
jurisdiction. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). Appellant's notice
of appeal states that he is appealing the order denying him a new trial "entered on May 9,
2003." 

 A court must rule on a motion for new trial within 75 days after imposing or
suspending sentence in open court. TRAP 21.8(a). If the motion is not timely ruled on by
written order, it is deemed denied when the period prescribed in 21.8(a) expires. TRAP
21.8(c). 

 As noted, the record reflects that appellant was sentenced on January 30, 2003.
The period prescribed in TRAP 21.8 by which the motion for new trial must have been
ruled on by written order or be deemed denied therefore expired on April 15, 2003. As
also noted, the court orally overruled the motion on March 6, at the conclusion of the
hearing, but the record is silent as to when the court signed the written order denying the
motion. Appellant's notice of appeal indicates that the order was entered on May 9.
Whether the written order was signed on or before that date, though, the motion was
denied, either by written order or as a matter of law under TRAP 21.8, no later than April
15. See, e.g., State v. Zavala, 28 S.W.3rd 658, 659 (Tex.App.-Corpus Christi 2000, pet.
ref'd). A notice of appeal of that order was required to be filed no later than May 15, 2003,
then, to invoke this court's appellate jurisdiction. TRAP 26.2(a)(1).

 Because the notice of appeal was untimely, we have no jurisdiction to take any
action in this appeal but to dismiss it. Slaton v. State, 981 S.W.2d 208, 210
(Tex.Crim.App. 1998); see Olivo, 918 S.W.2d at 522. Accordingly, the appeal is
dismissed. 



 James T. Campbell

 Justice



 


Do not publish. 
1. Further references to the Rules of Appellate Procedure will be abbreviated "TRAP."



ing evidence in the matter. Rule 243 of the Rules
of Civil Procedure requires that if the cause of action is unliquidated, the trial court shall
hear evidence before rendering judgment. In Arenivar v. Providian Nat. Bank, 23 S.W.3d
496, 498 (Tex.App.-Amarillo 2000, no pet.), we held the trial court erred in rendering
judgment without hearing evidence. 

 Moreover, the default judgment does not conform to the pleadings contrary to Rule
301 of the Rules of Civil Procedure. Here, the pleadings of Barahona and Reyes did not
seek to recover attorney's fees; however, among other things, the default judgment
awarded Barahona and Reyes each $5,000 in attorney's fees. Accordingly, the trial court
erred in rendering judgment for attorney's fees. E.g., City of Austin v. Castillo, 25 S.W.3d
309, 314 (Tex.App.-Austin 2000, pet. denied). Luis's second issue is sustained. Our
disposition of this issue pretermits our consideration of the remaining issue. Tex. R. App.
P. 47.1.

 Accordingly, the default judgment is reversed and the cause is remanded for further
proceedings.

 Don H. Reavis

 Justice

 

 
1. It appears that the judgment was prepared by and approved as to form by counsel
for Barahona and Reyes.