# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-03-00173-CV

---

**Michael King, Appellant**

**v.**

**City of Austin, Texas, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. GN100452, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Michael King brings this interlocutory appeal challenging the district court's order denying King's motion for class certification. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(3) (West Supp. 2004). King contends that the district court abused its discretion because King met the class-certification requirements under Rule 42 of the Texas Rules of Civil Procedure. We will affirm the district court's order denying class certification.

### BACKGROUND

On February 12, 2001, King filed a class action against the City of Austin ("City"). Acting as representative for approximately 900 police officers, King asserted that all officers in the

proposed class were entitled to recover base pay and lost benefits for the period between March 1994 and February 1998.[1]

On June 17, 2002, King filed a motion for class certification pursuant to Rule 42 of the Texas Rules of Civil Procedure. On March 5, 2003, the district court conducted a one-day hearing to consider King's motion. The court considered documentary evidence, an affidavit from King supporting class certification, an affidavit from King's attorney establishing adequacy of class counsel, seventeen affidavits signed by police officers stating that they did not want to be involved in the suit, and testimony from two officers opposing King's pursuit of the case on a class-wide basis. The district court denied King's motion for class certification.

King brings this interlocutory appeal and argues that the district court abused its discretion in denying his motion for class certification because the record conclusively establishes that King met the requirements for class certification under Rules 42(a)(1)-(4) and 42(b)(4) of the Texas Rules of Civil Procedure.

**STANDARD OF REVIEW**

Trial courts are afforded broad discretion in defining a class and determining whether to grant or deny class certification. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 690-91 (Tex. 2002); *Southwestern Ref. Co. v. Bernal*, 22 S.W.3d 425, 439 (Tex. 2000); *National W. Life Ins. v.*

---

[1] King, after being recruited by counsel, based his cause of action on *City of Austin v. Castillo*, 25 S.W.3d 309, 313-14 (Tex. App.—Austin 2000, pet. denied), where we held that Ordinance No. 930915-A resulted in unequal base pay for select officers because it did not set the amounts of assignment pay and the conditions under which it would be payable. *See* Tex. Loc. Gov't Code Ann. §§ 143.041(b), (c)(3), .042(b), (c), .043(b) (West 1999).

*Rowe*, 86 S.W.3d 285, 292 (Tex. App.—Austin 2002, pet. filed). Our review of an interlocutory appeal is limited to determining whether the trial court's denial of the motion for class certification constituted an abuse of discretion. *Schein*, 102 S.W.3d at 690-91; *Bernal*, 22 S.W.3d at 439. We must not substitute our judgment for that of the trial court. *Citizens Ins. Co. of Am. v. Daccach*, 105 S.W.3d 712, 719 (Tex. App.—Austin 2003, pet. filed) (citing *Tana Oil & Gas Corp. v. Bates*, 978 S.W.2d 735, 740 (Tex. App.—Austin 1998, no pet.)). The trial court's ruling does not constitute an abuse of discretion simply because that court decided an issue differently than we would. *Id.*

In making its certification decision, the trial court may consider pleadings and other material in the record, along with the evidence presented at the hearing. *Daccach*, 105 S.W.3d at 719; *Rowe*, 85 S.W.3d at 292-93. The trial court must perform a rigorous analysis of the evidence to determine whether the prerequisites have been met before ruling on class certification. *Bernal*, 22 S.W.3d at 435; *Daccach*, 105 S.W.3d at 719. A trial court has discretion to rule on class certification issues, and some of its determinations must be given the benefit of the doubt, but this Court is "prohibited from indulging 'every presumption in favor of the trial court's ruling.'" *Daccach*, 105 S.W.3d at 719 (quoting *Schein*, 102 S.W.3d at 690).

The trial court's certification order must demonstrate actual compliance with the Rule 42 certification requirements. *Schein*, 102 S.W.3d at 691; *Bernal*, 22 S.W.3d at 439. Under Rule 42, "there is no right to litigate a claim as a class action. Rather, Rule 42 provides only that the court *may* certify a class action if the plaintiff satisfies the requirements of the rule." *Bernal*, 22 S.W.3d at 439 (emphasis added); *see* Tex. R. Civ. P. 42(a)-(b). This Court has on more than one occasion recognized that "[e]ven if certification would have been proper under Rule 42 of the Texas Rules

3

of Civil Procedure, a denial may still not be an abuse of discretion." *Domizio v. Progressive County Mut. Ins. Co.*, 54 S.W.3d 867, 876 (Tex. App.—Austin 2001, pet. denied) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)); *E & V Slack, Inc. v. Shell Oil Co.*, 969 S.W.2d 565, 568 (Tex. App.—Austin 1998, no pet.); *Forsyth v. Lake LBJ Inv. Corp.*, 903 S.W.2d 146, 149 (Tex. App.—Austin 1995, writ dism'd w.o.j.) (citing *Vinson v. Texas Commerce Bank-Houston Nat'l Ass'n*, 880 S.W.2d 820, 824 (Tex. App.—Dallas 1994, no writ)).[2]

### REQUIREMENTS OF CLASS CERTIFICATION

Class actions serve as a mechanism to eliminate or reduce the threat of repetitive litigation, prevent inconsistent resolution of similar cases, and provide a redress for individual claims that are too small to make independent actions economically viable. *Daccach*, 105 S.W.3d at 718 (citing *Ford Motor Co. v. Sheldon*, 22 S.W.3d 444, 452 (Tex. 2000)). Efficiency and economy of litigation are the principal purposes underlying class actions. *Id.* When properly used, a class action saves the court's and parties' resources by allowing class-wide issues to be tried in an economical manner. *Id.*

All class actions must satisfy the four threshold requirements contained within rule 42(a) of the Texas Rules of Civil Procedure: (1) numerosity ("the class is so numerous that joinder of all members is impracticable"); (2) commonality ("there are questions of law, or fact common to

---

[2] King refers this Court to *Weatherly v. Deloitte & Touche*, 905 S.W.2d 642 (Tex. App.—Houston [14th Dist.] 1995, writ dism'd w.o.j.), for the proposition that appellate courts have reversed trial-court denials of class certification. That case, however, was abrogated by *Tracker Marine, L.P. v. Ogle*, 108 S.W.3d 349 (Tex. App.—Houston [14th Dist.] 2003, no pet.). King does not cite, and we have been unable to find, any other case where an appellate court has reversed a trial court's denial of certification.

the class"); (3) typicality ("the claims or defenses of the representative parties are typical of the claims or defenses of the class"); and (4) adequacy of representation ("the representative parties will fairly and adequately protect the interests of the class"). Tex. R. Civ. P. 42(a)(1)-(4); *Bernal*, 22 S.W.3d at 433; *Rowe*, 86 S.W.3d at 295.

In addition to the subsection (a) prerequisites, class actions must satisfy at least one of the Rule 42(b) requirements. *See* Tex. R. Civ. P. 42(b); *Bernal*, 22 S.W.3d at 433. King moved for class certification under Rule 42(b)(4), which permits an action to be maintained as a class action if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Tex. R. Civ. P. 42(b)(4).

The City concedes that King established numerosity, commonality, and typicality. *See* Tex. R. Civ. P. 42(a)(1)-(3). The parties dispute, however, whether King established adequacy of representation under Rule 42(a)(4), and predominance and superiority under Rule 42(b)(4). We will consider Rules 42(a)(4) and 42(b)(4) to determine whether the trial court abused its discretion in denying class certification on those grounds.

**DISCUSSION**

Rule 42 provides that a court *may* certify a class action only if the plaintiff meets the Rule 42(a) prerequisites and one of the Rule 42(b) requirements. Tex. R. Civ. P. 42(a)-(b); *see Bernal*, 22 S.W.3d at 439; *E & V Slack*, 969 S.W.2d at 568; *see also Vinson*, 880 S.W.2d at 824. Because class certification is in and of itself a discretionary function, the movant faces an extremely

5

heavy burden in demonstrating that the district court abused its discretion in denying certification. In order for this Court to reverse the district court's denial of certification, King must establish the Rule 42(a)(4) and Rule 42(b)(4) requirements as a matter of law. *See Daccach*, 105 S.W.3d at 719 ("[A] trial court . . . does not abuse its discretion if it bases its decision on conflicting evidence."); *see also Rowe*, 86 S.W.3d at 292; *Tana Oil*, 978 S.W.2d at 741.

**Adequacy of Representation**

To meet the Rule 42(a)(4) adequacy of representation prerequisite, the named class representative must "fairly and adequately protect the interests of the class." *E & V Slack*, 969 S.W.2d at 568; *Forsyth*, 903 S.W.2d at 150. There are two basic requirements to this component: (1) an absence of antagonism between the class representative and the class members, and (2) an assurance that the class representative will vigorously prosecute the class members' claims and defenses. *Daccach*, 105 S.W.3d at 727; *E & V Slack*, 969 S.W.2d at 568; *Forsyth*, 903 S.W.2d at 150. Adequacy of representation is a question of fact that the trial court has discretion to determine based on the individual circumstances of each case. *Daccach*, 105 S.W.3d at 727; *E & V Slack*, 969 S.W.2d at 568; *Forsyth*, 903 S.W.2d at 150. Factors affecting this determination include: (1) adequacy of counsel; (2) potential conflicts of interest; (3) the personal integrity of the plaintiffs; (4) the representative's familiarity with the litigation and his belief in the legitimacy of the grievance; (5) whether the class is unmanageable based on geographical limitations; and (6) whether the plaintiffs can afford to finance the class action. *E & V Slack*, 969 S.W.2d at 568; *Forsyth*, 903 S.W.2d at 150. The City contends that there is a conflict of interest and that King has not taken an active role in the litigation.

*Conflict of Interest*

Class certification may be denied if there is a possibility of significant disagreement within the class regarding the subject matter of the claim. *Daccach*, 105 S.W.3d at 727; *Rainbow Group, Ltd. v. Johnson*, 990 S.W.2d 351, 359 (Tex. App.—Austin 1999, pet. denied); *Forsyth*, 903 S.W.2d at 151. The party that opposes certification "has only a slight evidentiary burden to show that intra-class antagonism may develop." *Forsyth*, 903 S.W.2d at 151. The antagonism, however, must be evidenced in the record and not merely speculative. *E & V Slack*, 969 S.W.2d at 568; *see also Employers Cas. Co. v. Texas Ass'n of Sch. Bds. Workers' Comp. Self-Ins. Fund*, 886 S.W.2d 470, 476 (Tex. App.—Austin 1994, writ dism'd w.o.j.). King contends that the record contains no evidence of antagonism regarding the subject matter of his claim.

King seeks a class-wide recovery of base pay and lost benefits for officers of the same classification. The record contains evidence that the Austin Police Association did not support the suit; Amigos En Azul, the 315-member Hispanic peace officers association in Austin, took an official stand against the suit; Craig Howard, the president of the Texas Peace Officers Association, the local African American peace officers association, filed one of the seventeen affidavits opposing this suit; and two police officers testified at the hearing in opposition to King's pursuit of the case on a class-wide basis.[3] Case law indicates that it is within the trial court's discretion to consider this opposition as evidence of antagonism. *See, e.g.*, *E & V Slack*, 969 S.W.2d at 568-69 (evidence of antagonism where one putative class member testified in opposition to remedy sought by

_____

[3] The testifying officers were Sergeant Pedraza, the president of Amigos En Azul, and Officer Wuthitong Tanktaksinanukij, the vice-president of the Austin Police Association.

7

representatives); *Forsyth*, 903 S.W.2d at 727-28 (evidence of antagonism where at least twelve class members intervened and opposed class representative's objectives). King contends that any officer who does not support the litigation could simply opt out and not participate in the class under Rule 42(c)(2); however, opting out would not redress the harm the officers seek to avoid in this case.[4]

*Vigorous Prosecution of Claims*

When determining whether there is adequate representation, the trial court must inquire into the competence and zeal of class counsel and into the willingness and ability of the class representative to take an active role in and control the litigation. *Rainbow Group*, 990 S.W.2d at 359; *Henry Schein, Inc. v. Stromboe*, 28 S.W.3d 196, 210-11 (Tex. App.—Austin 2000), *rev'd on other grounds*, 102 S.W.3d 675 (Tex. 2002). The City does not challenge adequacy in regard to class counsel. Instead, the City asserts that King, as class representative, lacks the requisite knowledge and commitment and will not vigorously represent the class members.

Although a class representative should be familiar with the basic issues of the case, he is not required to fully comprehend the legal terms and pleadings. *See Daccach*, 105 S.W.3d at 728 ("He must vigorously prosecute the claims *through his attorneys*, which he can do by providing personal knowledge of the facts underlying the complaint.") (emphasis in original); *see also Forsyth*, 903 S.W.2d at 152. Nevertheless, this Court has affirmed the denial of class certification when the class representative relied too heavily on counsel and did not take an active role in the litigation. *See Forsyth*, 903 S.W.2d at 152.

---

[4] The officers testified that the lawsuit could damage the department's reputation in the community and have a detrimental effect on its labor negotiations with the City.

In this case, the City presented evidence that King was recruited by counsel to be a class representative, did not consult fellow officers about the claim, did not review the original or amended petitions in the case before they were filed, was unaware whether fellow officers thought the lawsuit was a good or bad idea, did not do independent investigation to assist his attorneys, and did not contact potential witnesses for the case. King, however, gave a deposition in the case and was present at the class-certification hearing. In his unchallenged affidavit testimony presented at the hearing, King indicated that he had been made aware of his duties—he was willing and able to participate and assist in the management of the litigation to protect individual class members. In sum, there is conflicting evidence regarding King's willingness and ability to take an active role in and control the litigation.

**Predominance and Superiority**

*Predominance*

The Rule 42(b)(4) predominance requirement "is one of the most stringent prerequisites to class certification." *Bernal*, 22 S.W.3d at 433. Its exacting standards act as a check on the flexibility of the Rule 42(b)(2) commonality requirement; therefore, satisfying the commonality requirement does not ensure satisfaction of the predominance requirement. *Id.* at 435; *see also Tana Oil*, 978 S.W.2d at 742. The predominance test is not whether the common issues outnumber the individual issues, but "whether common or individual issues will be the object of most of the efforts of the litigants and the court." *Bernal*, 22 S.W.3d at 434; *Rainbow Group*, 990 S.W.2d at 360. Certification is not appropriate if it is not determinable from the outset that

9

individual issues can be considered in a manageable, time-efficient, yet fair manner. *Bernal*, 22 S.W.3d at 436 (citing *General Motors Corp. v. Bloyed*, 916 S.W.2d 949, 949 (Tex. 1996)).

King asserts the discovery rule in response to the City's argument that the statute of limitations bars most of the proposed class's recovery. As the party who seeks to benefit from the discovery rule, King bears the burden of proving and securing favorable findings under application of the rule. *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988). The discovery rule operates to defer the accrual of a cause of action until the plaintiff "knew, or exercising reasonable diligence, should have known the facts giving rise to the cause of action." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001); *Computer Assocs. Int'l, Inc. v. Altai*, 918 S.W.2d 435, 455 (Tex. 1996). When the plaintiff knew or, exercising reasonable diligence, should have known something is generally a fact issue that the plaintiff must ensure is properly submitted to the jury. *Rowe*, 86 S.W.3d at 298; *Woods*, 769 S.W.2d at 518 n.2; *see also Zimmerman v. Massoni*, 32 S.W.3d 254, 256 (Tex. App.—Austin 2000, pet. denied) (discussing burden of proving "reasonable diligence" as required to toll statute of limitations).

This Court has recognized that the discovery rule "may require proof of each individual class member's subjective knowledge concerning discovery of the injury alleged." *Rowe*, 86 S.W.3d at 298; *E & V Slack*, 969 S.W.2d at 570. If this case proceeded as a class action, an estimated 900 plaintiffs may be required to prove when they knew the facts giving rise to the cause of action. Individual discovery rule questions could therefore require individual answers that would be a focus at the trial and consume most of the efforts of the litigants and the court.

*Superiority*

In determining whether class action is superior to other methods of adjudication, the "trial court should consider what other procedures exist for disposing of the dispute and compare those to the judicial resources and potential prejudice to absent class members involved in pursuing the class action." *Rainbow Group*, 990 S.W.2d at 360; *Life Ins. Co. of the Southwest v. Brister*, 722 S.W.2d 764, 772 (Tex. App.—Fort Worth 1986, no writ). Other methods of adjudication include individual suits and the availability and practicability of joinder and intervention. *Reserve Life Ins. Co. v. Kirkland*, 917 S.W.2d 836, 845 (Tex. App.—Houston [14th Dist.] 1996, no writ); *Brister*, 772 S.W.2d at 772. A class action is superior to other forms of adjudication when the benefits of class-wide resolution of common issues are outweighed by the difficulties that might arise in the management of the class. *Nissan Motor Co., Ltd. v. Fry*, 27 S.W.3d 573, 585-86 (Tex. App.—Corpus Christi 2000, pet. denied). In making its superiority determination, the trial court may consider whether: (1) class members have an interest in resolving the common issues by class action, (2) class members will benefit from discovery already commenced, and (3) the court has invested time and effort in familiarizing itself with the issues in dispute. *Daccach*, 105 S.W.3d at 728-29; *Tana Oil*, 978 S.W.2d at 743; *see also* Tex. R. Civ. P. 42(b)(4) (providing non-exhaustive list of factors courts can consider).

Besides King, no potential class member in this case has expressed interest in resolving common issues by class action; rather, several officers have expressed opposition to pursuit of this case on a class-wide basis. Furthermore, there is nothing in the record to indicate that class members will benefit from discovery already commenced. Finally, it does not appear that the district

11

court has invested substantial time and effort in familiarizing itself with the issues in this particular dispute. King asserts that class action is nevertheless superior because the relatively small maximum potential recoveries provide little incentive to bring individual actions, and because the nature of the legal injury is difficult for a layperson to grasp. These assertions do not seem to be supported by the record.

A "negative value" suit results when the cost of litigating each claim individually would surpass any potential recovery. *See Bernal*, 22 S.W.3d at 438-39. In this case, King estimates maximum potential individual claims of approximately $3,000 per year. While he does not go so far as to characterize this action as a negative-value suit, he contends that the maximum potential amount of individual recovery would make individual litigation impractical.

The prospect of small recoveries has not proven to deter Austin police officers from individual suits in the past. In *City of Austin v. Castillo*, 25 S.W.3d 309, 313 (Tex. App.—Austin 2000, pet. denied), the case upon which King relies to support his theory of recovery, twelve Austin police officers pursued a suit as individual plaintiffs where the available back-pay recoveries ranged between $2,025 and $3,450. In *Mount*, over 150 Austin police officers, including King, sued the City as individual plaintiffs, alleging they were performing the duties of detectives without receiving salary for that classification. *Mount v. City of Austin*, No. 95-14287 (261st Dist. Ct., Travis County, Tex. Nov. 12, 2002). Although the record does not specify the amount of each individual recovery in *Mount*, it is undisputed that the officers were able to successfully settle their claims against the City. *Castillo* and *Mount* weaken King's assertion that Austin police officers will have insufficient incentive to file individual suits absent class certification. These cases also challenge the assertion

12

that police officers, as laypersons, are unable to comprehend the legal issues relating to compensation.

Because joinder and intervention have been shown to be available, practical methods of adjudication, *see* Tex. R. Civ. P. 37, 40(a), 60, the district court had ample discretion to determine that King did not show that class action was the superior method to pursue these claims.

## CONCLUSION

The district court had broad discretion in determining whether to grant or deny class certification. To demonstrate an abuse of discretion in this case, King faced the extremely heavy burden of establishing the Rule 42(a)(4) and 42(b)(4) requirements as a matter of law. Based on a review of the record and consideration of the parties' arguments, we find that King did not meet that burden. Therefore, we cannot conclude that the district court abused its discretion when it denied class certification in this case. The district court's order is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed: March 25, 2004

13