TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00173-CV






Michael King, Appellant


v.


City of Austin, Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. GN100452, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Michael King brings this interlocutory appeal challenging the district court's order
denying King's motion for class certification. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(3)
(West Supp. 2004). King contends that the district court abused its discretion because King met the
class-certification requirements under Rule 42 of the Texas Rules of Civil Procedure. We will affirm
the district court's order denying class certification.


BACKGROUND


 On February 12, 2001, King filed a class action against the City of Austin ("City"). 
Acting as representative for approximately 900 police officers, King asserted that all officers in the
proposed class were entitled to recover base pay and lost benefits for the period between March 1994
and February 1998. (1)

 On June 17, 2002, King filed a motion for class certification pursuant to Rule 42 of
the Texas Rules of Civil Procedure. On March 5, 2003, the district court conducted a one-day
hearing to consider King's motion. The court considered documentary evidence, an affidavit from
King supporting class certification, an affidavit from King's attorney establishing adequacy of class
counsel, seventeen affidavits signed by police officers stating that they did not want to be involved
in the suit, and testimony from two officers opposing King's pursuit of the case on a class-wide
basis. The district court denied King's motion for class certification.

 King brings this interlocutory appeal and argues that the district court abused its
discretion in denying his motion for class certification because the record conclusively establishes
that King met the requirements for class certification under Rules 42(a)(1)-(4) and 42(b)(4) of the
Texas Rules of Civil Procedure.


STANDARD OF REVIEW

 Trial courts are afforded broad discretion in defining a class and determining whether
to grant or deny class certification. Henry Schein, Inc. v. Stromboe, 102 S.W.3d 675, 690-91 (Tex.
2002); Southwestern Ref. Co. v. Bernal, 22 S.W.3d 425, 439 (Tex. 2000); National W. Life Ins. v.
Rowe, 86 S.W.3d 285, 292 (Tex. App.--Austin 2002, pet. filed). Our review of an interlocutory
appeal is limited to determining whether the trial court's denial of the motion for class certification
constituted an abuse of discretion. Schein, 102 S.W.3d at 690-91; Bernal, 22 S.W.3d at 439. We
must not substitute our judgment for that of the trial court. Citizens Ins. Co. of Am. v. Daccach, 105
S.W.3d 712, 719 (Tex. App.--Austin 2003, pet. filed) (citing Tana Oil & Gas Corp. v. Bates, 978
S.W.2d 735, 740 (Tex. App.--Austin 1998, no pet.)). The trial court's ruling does not constitute an
abuse of discretion simply because that court decided an issue differently than we would. Id.

 In making its certification decision, the trial court may consider pleadings and other
material in the record, along with the evidence presented at the hearing. Daccach, 105 S.W.3d at
719; Rowe, 85 S.W.3d at 292-93. The trial court must perform a rigorous analysis of the evidence
to determine whether the prerequisites have been met before ruling on class certification. Bernal,
22 S.W.3d at 435; Daccach, 105 S.W.3d at 719. A trial court has discretion to rule on class
certification issues, and some of its determinations must be given the benefit of the doubt, but this
Court is "prohibited from indulging 'every presumption in favor of the trial court's ruling.'" 
Daccach, 105 S.W.3d at 719 (quoting Schein, 102 S.W.3d at 690).

 The trial court's certification order must demonstrate actual compliance with the Rule
42 certification requirements. Schein, 102 S.W.3d at 691; Bernal, 22 S.W.3d at 439. Under Rule
42, "there is no right to litigate a claim as a class action. Rather, Rule 42 provides only that the court
may certify a class action if the plaintiff satisfies the requirements of the rule." Bernal, 22 S.W.3d
at 439 (emphasis added); see Tex. R. Civ. P. 42(a)-(b). This Court has on more than one occasion
recognized that "[e]ven if certification would have been proper under Rule 42 of the Texas Rules
of Civil Procedure, a denial may still not be an abuse of discretion." Domizio v. Progressive County
Mut. Ins. Co., 54 S.W.3d 867, 876 (Tex. App.--Austin 2001, pet. denied) (citing Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)); E & V Slack, Inc. v. Shell Oil
Co., 969 S.W.2d 565, 568 (Tex. App.--Austin 1998, no pet.); Forsyth v. Lake LBJ Inv. Corp., 903
S.W.2d 146, 149 (Tex. App.--Austin 1995, writ dism'd w.o.j.) (citing Vinson v. Texas Commerce
Bank-Houston Nat'l Ass'n, 880 S.W.2d 820, 824 (Tex. App.--Dallas 1994, no writ)). (2)


REQUIREMENTS OF CLASS CERTIFICATION


 Class actions serve as a mechanism to eliminate or reduce the threat of repetitive
litigation, prevent inconsistent resolution of similar cases, and provide a redress for individual claims
that are too small to make independent actions economically viable. Daccach, 105 S.W.3d at 718
(citing Ford Motor Co. v. Sheldon, 22 S.W.3d 444, 452 (Tex. 2000)). Efficiency and economy of
litigation are the principal purposes underlying class actions. Id. When properly used, a class action
saves the court's and parties' resources by allowing class-wide issues to be tried in an economical
manner. Id.

 All class actions must satisfy the four threshold requirements contained within rule
42(a) of the Texas Rules of Civil Procedure: (1) numerosity ("the class is so numerous that joinder
of all members is impracticable"); (2) commonality ("there are questions of law, or fact common to
the class"); (3) typicality ("the claims or defenses of the representative parties are typical of the
claims or defenses of the class"); and (4) adequacy of representation ("the representative parties will
fairly and adequately protect the interests of the class"). Tex. R. Civ. P. 42(a)(1)-(4); Bernal, 22
S.W.3d at 433; Rowe, 86 S.W.3d at 295.

 In addition to the subsection (a) prerequisites, class actions must satisfy at least one
of the Rule 42(b) requirements. See Tex. R. Civ. P. 42(b); Bernal, 22 S.W.3d at 433. King moved
for class certification under Rule 42(b)(4), which permits an action to be maintained as a class action
if "the court finds that the questions of law or fact common to the members of the class predominate
over any questions affecting only individual members, and that a class action is superior to other
available methods for the fair and efficient adjudication of the controversy." Tex. R. Civ. P.
42(b)(4).

 The City concedes that King established numerosity, commonality, and typicality. See
Tex. R. Civ. P. 42(a)(1)-(3). The parties dispute, however, whether King established adequacy of
representation under Rule 42(a)(4), and predominance and superiority under Rule 42(b)(4). We will
consider Rules 42(a)(4) and 42(b)(4) to determine whether the trial court abused its discretion in
denying class certification on those grounds.


DISCUSSION


 Rule 42 provides that a court may certify a class action only if the plaintiff meets the
Rule 42(a) prerequisites and one of the Rule 42(b) requirements. Tex. R. Civ. P. 42(a)-(b); see
Bernal, 22 S.W.3d at 439; E & V Slack, 969 S.W.2d at 568; see also Vinson, 880 S.W.2d at 824. 
Because class certification is in and of itself a discretionary function, the movant faces an extremely
heavy burden in demonstrating that the district court abused its discretion in denying certification. 
In order for this Court to reverse the district court's denial of certification, King must establish the
Rule 42(a)(4) and Rule 42(b)(4) requirements as a matter of law. See Daccach, 105 S.W.3d at 719
("[A] trial court . . . does not abuse its discretion if it bases its decision on conflicting evidence.");
see also Rowe, 86 S.W.3d at 292; Tana Oil, 978 S.W.2d at 741.


Adequacy of Representation

 To meet the Rule 42(a)(4) adequacy of representation prerequisite, the named class
representative must "fairly and adequately protect the interests of the class." E & V Slack, 969
S.W.2d at 568; Forsyth, 903 S.W.2d at 150. There are two basic requirements to this component:
(1) an absence of antagonism between the class representative and the class members, and (2) an
assurance that the class representative will vigorously prosecute the class members' claims and
defenses. Daccach, 105 S.W.3d at 727; E & V Slack, 969 S.W.2d at 568; Forsyth, 903 S.W.2d at
150. Adequacy of representation is a question of fact that the trial court has discretion to determine
based on the individual circumstances of each case. Daccach, 105 S.W.3d at 727; E & V Slack, 969
S.W.2d at 568; Forsyth, 903 S.W.2d at 150. Factors affecting this determination include: (1)
adequacy of counsel; (2) potential conflicts of interest; (3) the personal integrity of the plaintiffs; (4)
the representative's familiarity with the litigation and his belief in the legitimacy of the grievance;
(5) whether the class is unmanageable based on geographical limitations; and (6) whether the
plaintiffs can afford to finance the class action. E & V Slack, 969 S.W.2d at 568; Forsyth, 903
S.W.2d at 150. The City contends that there is a conflict of interest and that King has not taken an
active role in the litigation.

Conflict of Interest

 Class certification may be denied if there is a possibility of significant disagreement
within the class regarding the subject matter of the claim. Daccach, 105 S.W.3d at 727; Rainbow
Group, Ltd. v. Johnson, 990 S.W.2d 351, 359 (Tex. App.--Austin 1999, pet. denied); Forsyth, 903
S.W.2d at 151. The party that opposes certification "has only a slight evidentiary burden to show
that intra-class antagonism may develop." Forsyth, 903 S.W.2d at 151. The antagonism, however,
must be evidenced in the record and not merely speculative. E & V Slack, 969 S.W.2d at 568; see
also Employers Cas. Co. v. Texas Ass'n of Sch. Bds. Workers' Comp. Self-Ins. Fund, 886 S.W.2d
470, 476 (Tex. App.--Austin 1994, writ dism'd w.o.j.). King contends that the record contains no
evidence of antagonism regarding the subject matter of his claim.

 King seeks a class-wide recovery of base pay and lost benefits for officers of the same
classification. The record contains evidence that the Austin Police Association did not support the
suit; Amigos En Azul, the 315-member Hispanic peace officers association in Austin, took an
official stand against the suit; Craig Howard, the president of the Texas Peace Officers Association,
the local African American peace officers association, filed one of the seventeen affidavits opposing
this suit; and two police officers testified at the hearing in opposition to King's pursuit of the case
on a class-wide basis. (3) Case law indicates that it is within the trial court's discretion to consider this
opposition as evidence of antagonism. See, e.g., E & V Slack, 969 S.W.2d at 568-69 (evidence of
antagonism where one putative class member testified in opposition to remedy sought by
representatives); Forsyth, 903 S.W.2d at 727-28 (evidence of antagonism where at least twelve class
members intervened and opposed class representative's objectives). King contends that any officer
who does not support the litigation could simply opt out and not participate in the class under Rule
42(c)(2); however, opting out would not redress the harm the officers seek to avoid in this case. (4)


Vigorous Prosecution of Claims

 When determining whether there is adequate representation, the trial court must
inquire into the competence and zeal of class counsel and into the willingness and ability of the class
representative to take an active role in and control the litigation. Rainbow Group, 990 S.W.2d at
359; Henry Schein, Inc. v. Stromboe, 28 S.W.3d 196, 210-11 (Tex. App.--Austin 2000), rev'd on
other grounds, 102 S.W.3d 675 (Tex. 2002). The City does not challenge adequacy in regard to
class counsel. Instead, the City asserts that King, as class representative, lacks the requisite
knowledge and commitment and will not vigorously represent the class members.

 Although a class representative should be familiar with the basic issues of the case,
he is not required to fully comprehend the legal terms and pleadings. See Daccach, 105 S.W.3d at
728 ("He must vigorously prosecute the claims through his attorneys, which he can do by providing
personal knowledge of the facts underlying the complaint.") (emphasis in original); see also Forsyth,
903 S.W.2d at 152. Nevertheless, this Court has affirmed the denial of class certification when the
class representative relied too heavily on counsel and did not take an active role in the litigation. See
Forsyth, 903 S.W.2d at 152.

 In this case, the City presented evidence that King was recruited by counsel to be a
class representative, did not consult fellow officers about the claim, did not review the original or
amended petitions in the case before they were filed, was unaware whether fellow officers thought
the lawsuit was a good or bad idea, did not do independent investigation to assist his attorneys, and
did not contact potential witnesses for the case. King, however, gave a deposition in the case and
was present at the class-certification hearing. In his unchallenged affidavit testimony presented at
the hearing, King indicated that he had been made aware of his duties--he was willing and able to
participate and assist in the management of the litigation to protect individual class members. In
sum, there is conflicting evidence regarding King's willingness and ability to take an active role in
and control the litigation.


Predominance and Superiority 

Predominance

 The Rule 42(b)(4) predominance requirement "is one of the most stringent
prerequisites to class certification." Bernal, 22 S.W.3d at 433. Its exacting standards act as a check
on the flexibility of the Rule 42(b)(2) commonality requirement; therefore, satisfying the
commonality requirement does not ensure satisfaction of the predominance requirement. Id. at 435;
see also Tana Oil, 978 S.W.2d at 742. The predominance test is not whether the common issues
outnumber the individual issues, but "whether common or individual issues will be the object of
most of the efforts of the litigants and the court." Bernal, 22 S.W.3d at 434; Rainbow Group, 990
S.W.2d at 360. Certification is not appropriate if it is not determinable from the outset that
individual issues can be considered in a manageable, time-efficient, yet fair manner. Bernal, 22
S.W.3d at 436 (citing General Motors Corp. v. Bloyed, 916 S.W.2d 949, 949 (Tex. 1996)).

 King asserts the discovery rule in response to the City's argument that the statute of
limitations bars most of the proposed class's recovery. As the party who seeks to benefit from the
discovery rule, King bears the burden of proving and securing favorable findings under application
of the rule. See Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 518 (Tex. 1988). The discovery
rule operates to defer the accrual of a cause of action until the plaintiff "knew, or exercising
reasonable diligence, should have known the facts giving rise to the cause of action." Wagner &
Brown, Ltd. v. Horwood, 58 S.W.3d 732, 734 (Tex. 2001); Computer Assocs. Int'l, Inc. v. Altai, 918
S.W.2d 435, 455 (Tex. 1996). When the plaintiff knew or, exercising reasonable diligence, should
have known something is generally a fact issue that the plaintiff must ensure is properly submitted
to the jury. Rowe, 86 S.W.3d at 298; Woods, 769 S.W.2d at 518 n.2; see also Zimmerman v.
Massoni, 32 S.W.3d 254, 256 (Tex. App.--Austin 2000, pet. denied) (discussing burden of proving
"reasonable diligence" as required to toll statute of limitations).

 This Court has recognized that the discovery rule "may require proof of each
individual class member's subjective knowledge concerning discovery of the injury alleged." Rowe,
86 S.W.3d at 298; E & V Slack, 969 S.W.2d at 570. If this case proceeded as a class action, an
estimated 900 plaintiffs may be required to prove when they knew the facts giving rise to the cause
of action. Individual discovery rule questions could therefore require individual answers that would
be a focus at the trial and consume most of the efforts of the litigants and the court.


Superiority

 In determining whether class action is superior to other methods of adjudication, the
"trial court should consider what other procedures exist for disposing of the dispute and compare
those to the judicial resources and potential prejudice to absent class members involved in pursuing
the class action." Rainbow Group, 990 S.W.2d at 360; Life Ins. Co. of the Southwest v. Brister, 722
S.W.2d 764, 772 (Tex. App.--Fort Worth 1986, no writ). Other methods of adjudication include
individual suits and the availability and practicability of joinder and intervention. Reserve Life Ins.
Co. v. Kirkland, 917 S.W.2d 836, 845 (Tex. App.--Houston [14th Dist.] 1996, no writ); Brister, 772
S.W.2d at 772. A class action is superior to other forms of adjudication when the benefits of
class-wide resolution of common issues are outweighed by the difficulties that might arise in the
management of the class. Nissan Motor Co., Ltd. v. Fry, 27 S.W.3d 573, 585-86 (Tex.
App.--Corpus Christi 2000, pet. denied). In making its superiority determination, the trial court may
consider whether: (1) class members have an interest in resolving the common issues by class
action, (2) class members will benefit from discovery already commenced, and (3) the court has
invested time and effort in familiarizing itself with the issues in dispute. Daccach, 105 S.W.3d at
728-29; Tana Oil, 978 S.W.2d at 743; see also Tex. R. Civ. P. 42(b)(4) (providing non-exhaustive
list of factors courts can consider).

 Besides King, no potential class member in this case has expressed interest in
resolving common issues by class action; rather, several officers have expressed opposition to pursuit
of this case on a class-wide basis. Furthermore, there is nothing in the record to indicate that class
members will benefit from discovery already commenced. Finally, it does not appear that the district
court has invested substantial time and effort in familiarizing itself with the issues in this particular
dispute. King asserts that class action is nevertheless superior because the relatively small maximum
potential recoveries provide little incentive to bring individual actions, and because the nature of the
legal injury is difficult for a layperson to grasp. These assertions do not seem to be supported by the
record.

 A "negative value" suit results when the cost of litigating each claim individually
would surpass any potential recovery. See Bernal, 22 S.W.3d at 438-39. In this case, King estimates
maximum potential individual claims of approximately $3,000 per year. While he does not go so
far as to characterize this action as a negative-value suit, he contends that the maximum potential
amount of individual recovery would make individual litigation impractical.

 The prospect of small recoveries has not proven to deter Austin police officers from
individual suits in the past. In City of Austin v. Castillo, 25 S.W.3d 309, 313 (Tex. App.--Austin
2000, pet. denied), the case upon which King relies to support his theory of recovery, twelve Austin
police officers pursued a suit as individual plaintiffs where the available back-pay recoveries ranged
between $2,025 and $3,450. In Mount, over 150 Austin police officers, including King, sued the
City as individual plaintiffs, alleging they were performing the duties of detectives without receiving
salary for that classification. Mount v. City of Austin, No. 95-14287 (261st Dist. Ct., Travis County,
Tex. Nov. 12, 2002). Although the record does not specify the amount of each individual recovery
in Mount, it is undisputed that the officers were able to successfully settle their claims against the
City. Castillo and Mount weaken King's assertion that Austin police officers will have insufficient
incentive to file individual suits absent class certification. These cases also challenge the assertion
that police officers, as laypersons, are unable to comprehend the legal issues relating to
compensation. 

 Because joinder and intervention have been shown to be available, practical methods
of adjudication, see Tex. R. Civ. P. 37, 40(a), 60, the district court had ample discretion to determine
that King did not show that class action was the superior method to pursue these claims.


CONCLUSION


 The district court had broad discretion in determining whether to grant or deny class
certification. To demonstrate an abuse of discretion in this case, King faced the extremely heavy
burden of establishing the Rule 42(a)(4) and 42(b)(4) requirements as a matter of law. Based on a
review of the record and consideration of the parties' arguments, we find that King did not meet that
burden. Therefore, we cannot conclude that the district court abused its discretion when it denied
class certification in this case. The district court's order is affirmed.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed: March 25, 2004

1. King, after being recruited by counsel, based his cause of action on City of Austin v.
Castillo, 25 S.W.3d 309, 313-14 (Tex. App.--Austin 2000, pet. denied), where we held that
Ordinance No. 930915-A resulted in unequal base pay for select officers because it did not set the
amounts of assignment pay and the conditions under which it would be payable. See Tex. Loc.
Gov't Code Ann. §§ 143.041(b), (c)(3), .042(b), (c), .043(b) (West 1999).
2. King refers this Court to Weatherly v. Deloitte & Touche, 905 S.W.2d 642 (Tex.
App.--Houston [14th Dist.] 1995, writ dism'd w.o.j.), for the proposition that appellate courts have
reversed trial-court denials of class certification. That case, however, was abrogated by Tracker
Marine, L.P. v. Ogle, 108 S.W.3d 349 (Tex. App.--Houston [14th Dist.] 2003, no pet.). King does
not cite, and we have been unable to find, any other case where an appellate court has reversed a trial
court's denial of certification.
3. The testifying officers were Sergeant Pedraza, the president of Amigos En Azul, and
Officer Wuthitong Tanktaksinanukij, the vice-president of the Austin Police Association. 
4. The officers testified that the lawsuit could damage the department's reputation in the
community and have a detrimental effect on its labor negotiations with the City.